**EXHIBIT B**



**Service of Process Transmittal**
12/16/2019
CT Log Number 536816505

TO: Christopher J Soller
THE BANK OF NEW YORK MELLON CORPORATION
Bny Mellon Ctr, 151-1915 500 Grant Street
Pittsburgh, PA 15258-0001

RE: **Process Served in Massachusetts**

FOR: Mellon Investments Corporation  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | CONNIE FANG DEBOEVER, Pltf. vs. Mellon Investments Corporation, et at., Dfts. |
| **DOCUMENT(S) SERVED:** | SUMMONS, PROOF, ORDER(s), COMPLAINT |
| **COURT/AGENCY:** | Essex County - Commonwealth Of Massachusetts, MS<br>Case # 1977CV1551B |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - 07/2019 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Boston, MA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/16/2019 at 10:36 |
| **JURISDICTION SERVED :** | Massachusetts |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service of this summons upon you, exclusive of the day of service. |
| **ATTORNEY(S) / SENDER(S):** | Colin R. Hagan<br>SHLANSKY LAW GROUP, LLP<br>1 Winnisimmet St<br>Chelsea, MA 02150<br>617-497-7200 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/16/2019, Expected Purge Date: 12/21/2019 |
| | Image SOP |
| | Email Notification,  Kevin J Wilson  kevin.j.wilson@bnymellon.com |
| | Email Notification,  Sharon L Genser  sharon.genser@bnymellon.com |
| | Email Notification,  Christopher J Soller  christopher.soller@bnymellon.com |
| | Email Notification,  Victoria Edmunds  Victoria.Edmunds@bnymellon.com |
| | Email Notification,  Jessica Rhea  Jessica.Rhea@bnymellon.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>155 Federal St Ste 700<br>Boston, MA 02110-1727 |
| **For Questions:** | 800-448-5350 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 **CT Corporation**

**TO:** Christopher J Soller
THE BANK OF NEW YORK MELLON CORPORATION
Bny Mellon Ctr, 151-1915 500 Grant Street
Pittsburgh, PA 15258-0001

**RE:** **Process Served in Massachusetts**

**FOR:** Mellon Investments Corporation  (Domestic State: DE)

MajorAccountTeam1@wolterskluwer.com

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**CT**

**SERVICE INTENDED FOR:**

Mellon Investments
Corporation

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 1977CV1551

B

Fang De Boever, Connie ....................................................... , Plaintiff(s)

v.

Mellon Investments Corporation ... et al .... , Defendant(s)

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve upon **Colin Hagan, Esq.** ,

plaintiff's attorney, whose address is **1 Winnisimmet St. Chelsea, MA 02150** , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at **145 High St. Newburyport, MA 01950** either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

WITNESS, **Judith Fabricant** , Esquire, at Salem, the
day of , in the year of our Lord two thousand

*Thomas W. Driscoll Jr.*

*Clerk*

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

A true copy Attest:

Joseph P. Casey

Deputy Sheriff Suffolk County

12-16-19

**PROOF OF SERVICE OF PROCESS**

I hereby certify and return that on_____ , 20     , I served a copy of
the within summons, together with a copy of the complaint in this action, upon the within-named
defendant, in the following manner (see Mass. R. Civ. P. (d) (1-5):

_____

_____

_____

Dated: _____ , 20 ___.            _____

N.B.    TO PROCESS SERVER:-
        PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN
        THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.</u>

        ┌─────────────────────────────────┐
        │                                 │
        │                       , 20   .  │
        │                                 │
        └─────────────────────────────────┘

COMMONWEALTH OF
MASSACHUSETTS

ESSEX, SS.

SUPERIOR COURT
CIVIL ACTION
No.

Plaintiff(s)

v

Defendant(s)

SUMMONS
(Mass. R. Civ. P. 4)

| | | |
|---|---|---|
| **CASE NAME:** Fang DeBoever, Connie vs. Mellon Investments Corporation et al | | Thomas H. Driscoll, Jr., Clerk of Courts |
| **TO:** Mellon Investments Corporation | | **COURT NAME & ADDRESS** Essex County Superior Court - Newburyport 145 High Street Newburyport, MA 01950 |

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                  **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 02/10/2020 | |
| Response to the complaint filed (also see MRCP 12) | | 03/11/2020 | |
| All motions under MRCP 12, 19, and 20 | 03/11/2020 | 04/10/2020 | 05/11/2020 |
| All motions under MRCP 15 | 03/11/2020 | 04/10/2020 | 05/11/2020 |
| All discovery requests and depositions served and non-expert depositions completed | 09/08/2020 | | |
| All motions under MRCP 56 | 10/07/2020 | 11/06/2020 | |
| Final pre-trial conference held and/or firm trial date set | | | 03/08/2021 |
| Case shall be resolved and judgment shall issue by | | | 11/11/2021 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.

Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | PHONE |
|---|---|---|
| 11/13/2019 | Jo Dee Doyle | (978)462-4474 |

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 1977CV01551ƷB | Trial Court of Massachusetts The Superior Court |
|---|---|---|

**CASE NAME:**
Fang DeBoever, Connie vs. Mellon Investments Corporation et al

Thomas H. Driscoll, Jr., Clerk of Courts

**TO:** Mellon Investments Corporation

**COURT NAME & ADDRESS**
Essex County Superior Court - Newburyport
145 High Street
Newburyport, MA 01950

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                    DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 02/10/2020 | |
| Response to the complaint filed (also see MRCP 12) | | 03/11/2020 | |
| All motions under MRCP 12, 19, and 20 | 03/11/2020 | 04/10/2020 | 05/11/2020 |
| All motions under MRCP 15 | 03/11/2020 | 04/10/2020 | 05/11/2020 |
| All discovery requests and depositions served and non-expert depositions completed | 09/08/2020 | | |
| All motions under MRCP 56 | 10/07/2020 | 11/06/2020 | |
| Final pre-trial conference held and/or firm trial date set | | | 03/08/2021 |
| Case shall be resolved and judgment shall issue by | | | 11/11/2021 |

The final pre-trial deadline is not the scheduled date of the conference. You will be notified of that date at a later time.

Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | PHONE |
|---|---|---|
| 11/13/2019 | Jo Dee Doyle | (978)462-4474 |

Date/Time Printed 11-13-2019 15:32:03                                    GCV026) 03/2018

COMMONWEALTH OF MASSACHUSETTS

ESSEX COUNTY s.s.                                          SUPERIOR COURT

```
                                    )
CONNIE FANG DEBOEVER                )
                                    )
         Plaintiff,                 )
                                    )        Civil Action No. _____
         v.                         )
                                    )        DEMAND FOR JURY TRIAL
MELLON INVESTMENTS                  )
CORPORATION, itself and as          )
successor-in-interest to each of    )
TBC ASSET MANAGEMENT, LLC;          )
THE BOSTON COMPANY                  )
ASSET MANAGEMENT, LLC;              )
BNY MELLON ASSET MANAGEMENT         )
NORTH AMERICA CORPORATION;          )
and BNY MELLON AMNA                 )
                                    )
         Defendants.                )
                                    )
```

## COMPLAINT

Plaintiff Connie Fang DeBoever ("Ms. DeBoever" or "Plaintiff"), for her Complaint

against Defendant Mellon Investments Corporation, itself and as the successor-in-interest to each

of TBC Asset Management, LLC; The Boston Company Asset Management, LLC; BNY Mellon

Asset Management North America Corporation; and BNY Mellon AMNA[1] ("Defendant" or

"Mellon"), upon personal knowledge with respect to Plaintiff and her own acts, upon

information and belief as to all other matters, and with the belief that all matters alleged herein

---

[1] Upon information and belief, each of the foregoing entities has been acquired by, changed its name to, or merged into Mellon Investments Corporation. As alleged herein, Plaintiff was employed by each of the foregoing entities at different times during her employment with Mellon. Plaintiff reserves her rights to pursue her claims against any of the foregoing entities to the extent that any such entities may maintain a business or corporate existence separate from Mellon Investments Corporation.

will have evidentiary support after reasonable opportunity for further investigation and discovery, states as follows:

## INTRODUCTION

1.      This action arises out of Defendant's failure to pay Ms. DeBoever, who was formerly employed by Mellon, deferred compensation that constitute wages, in accordance with the Massachusetts wage laws, M.G.L. c. 149, §§ 148 and 150; M.G.L. c. 151, §§ 1A and 1B, in violation M.G.L. c. 151, §§ 1A and 1B.

2.      Mellon is a multi-asset investment company.

3.      Mellon hired Ms. DeBoever as an employee on or about September 2002.

4.      For Ms. DeBoever's employment for the full calendar years of 2016, 2017, and 2018, Ms. DeBoever earned deferred compensation comprising deferred cash compensation and deferred equity compensation, which deferred compensation was granted and awarded by Mellon each February for the prior year of Ms. DeBoever's services.

5.      Ms. DeBoever was an exemplary employee of Mellon for nearly 17 years until her separation of employment in July 2019.

6.      Ms. DeBoever understood that the deferred compensation for the years of 2016, 2017, and 2018 was earned and vested immediately upon Mellon's notifications that she was entitled to and granted such deferred compensation, and would be payable immediately upon her termination of employment.

7.      Defendant has willfully and intentionally refused to provide Ms. DeBoever with the deferred compensation after her separation of employment, claiming that she was no longer entitled to it as she was no longer employed by Mellon, and that it was somehow forfeited pursuant to alleged agreements and documents that, upon information and belief, were not

2

provided to Ms. DeBoever during her employment, and were still not provided by Mellon subsequent to her separation of employment, after repeated requests.

8. Ms. DeBoever brings this action seeking full payment of the deferred compensation for the years 2016, 2017, and 2018, including all deferred cash and deferred equity compensation that she has been deprived of, plus interest, damages, pre-judgment and post-judgment interest, attorneys' fees, and costs. Ms. DeBoever also seeks treble damages for Defendant's violations of applicable labor laws.

## PARTIES

9. Plaintiff Connie Fang DeBoever is a natural person residing at 61 Phillips Beach Avenue, Swampscott, Massachusetts 01907.

10. Upon information and belief, Defendant Mellon Investments Corporation is a Delaware corporation with a business address of one Boston Place, Boston, Massachusetts 02108.

11. Upon information and belief, TBC Asset Management, LLC, is or was a Delaware limited liability company. Upon information and belief, Mellon Investment Corporation is the successor-in-interest to TBC Asset Management, LLC.

12. Upon information and belief, The Boston Company Asset Management, LLC, is or was a Delaware limited liability company. Upon information and belief, Mellon Investment Corporation is the successor-in-interest to The Boston Company Asset Management, LLC.

13. Upon information and belief, BNY Mellon Asset Management North America Corporation is or was a Delaware corporation. Upon information and belief, Mellon Investment Corporation is the successor-in-interest to BNY Mellon Asset Management North America Corporation.

3

14.     Upon information and belief, BNY Mellon AMNA is or was an incorporated business entity and a fictious or assumed business name used by BNY Mellon Asset Management North America Corporation.

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction over the Defendant pursuant to M.G.L. c. 212, § 3, because this is a civil action seeking relief in excess of $25,000.00.

16.     This Court has personal jurisdiction over the Defendant pursuant to M.G.L. c. 223A, § 3 because the contract at issue was executed and delivered in the Commonwealth of Massachusetts, the Defendant's actions caused harm to Plaintiff in the Commonwealth of Massachusetts, and because Defendant transacts business in the Commonwealth of Massachusetts.

17.     Venue is properly laid in this Court pursuant to M.G.L. c. 223, § 1, because Plaintiff resides in Swampscott, Massachusetts.

## FACTUAL ALLEGATIONS

18.     Ms. DeBoever was hired by Mellon on or about September 2002.

19.     For the year 2016, Mellon provided an IRS Form W-2 to Ms. DeBoever with the employer name listed as "TBC Asset Management, LLC."

20.     Upon information and belief, and pursuant to such 2016 Form W-2, TBC Asset Management, LLC, was Ms. DeBoever's employer for the calendar year 2016.

21.     On or about February 2017, Mellon awarded and agreed to provide Ms. DeBoever with deferred compensation for the calendar year 2016 consisting of deferred cash compensation totaling $106,200.00 and deferred equity compensation in two categories: (i) "TBCAM Def Cash Invst [sic]" valued at $84,960.00; and (ii) "TBC LTIP – BNYM RSUs" valued at $21,240.00

4

(the "2016 Deferred Compensation"). The 2016 Deferred Compensation was granted and earned by Ms. DeBoever on account of her services provided to Mellon in 2016. In fact, Mellon referred to the February 2017 date upon which Mellon notified Ms. DeBoever that she had earned the 2016 Deferred Compensation as the "Payment Date" for the cash portion of the 2016 Deferred Compensation.

22.    On or about February 2017, in connection with the grant of the 2016 Deferred Compensation, Mellon represented and agreed to provide Ms. DeBoever with the details of the deferred compensation, including any applicable terms and conditions, and represented and agreed that such details would be made available to Ms. DeBoever shortly.

23.    For the year 2017, Mellon provided an IRS Form W-2 to Ms. DeBoever with the employer name listed as "The Boston Co. Asset Management, LLC."

24.    Upon information and belief, and pursuant to such 2017 Form W-2, The Boston Company Asset Management, LLC was Ms. DeBoever's employer for the calendar year 2017.[2]

25.    On or about February 2018, Mellon awarded and agreed to provide Ms. DeBoever with deferred compensation for the calendar year 2017 consisting of deferred cash compensation totaling $126,000.00 and deferred equity compensation in two categories: (i) "AMNA Equity Plan" valued at $88,200.00; and (ii) "AMNA Def Cash Invst [sic]" valued at $37,800.00 (the "2017 Deferred Compensation"). The 2017 Deferred Compensation was granted and earned by Ms. DeBoever on account of her services provided to Mellon in 2017. In fact, Mellon referred to the February 2018 date upon which Mellon notified Ms. DeBoever that she had earned the 2017 Deferred Compensation as the "Payment Date" for the cash portion of the 2017 Deferred Compensation.

---

[2] Upon information and belief, TBC Asset Management and The Boston Co. Asset Management may have been the same entity.

26.     On or about February 2018, in connection with the grant of the 2017 Deferred Compensation, Mellon represented and agreed to provide Ms. DeBoever with the details of the deferred compensation, including any applicable terms and conditions, and represented and agreed that such details would be made available to Ms. DeBoever shortly.

27.     For the year 2018, Mellon provided a Form W-2 to Ms. DeBoever with the employer name listed as "BNY Mellon AMNA."

28.     Upon information and belief, and pursuant to such 2018 Form W-2, BNY Mellon Asset Management North America Corporation, doing business as BNY Mellon AMNA, was Ms. DeBoever's employer for the calendar year 2018.

29.     On or about February 2019, Mellon awarded and agreed to provide Ms. DeBoever with deferred compensation for the calendar year 2018 consisting of deferred cash compensation totaling $144,000.00 and deferred equity compensation in two categories: (i) "Mellon BNYM RSUs" valued at $36,000.00; and (ii) "Mellon Deferred Cash Invst [sic]" valued at $108,000.00 (the "2018 Deferred Compensation"). The 2018 Deferred Compensation was granted and earned by Ms. DeBoever on account of her services provided to Mellon in 2017. In fact, Mellon referred to the February 2019 date upon which Mellon notified Ms. DeBoever that she had earned the 2018 Deferred Compensation as the "Payment Date" for the cash portion of the 2018 Deferred Compensation.

30.     On or about February 2019, in connection with the grant of the 2018 Deferred Compensation, Mellon represented and agreed to provide Ms. DeBoever with the details of the deferred compensation, including any applicable terms and conditions, and represented and agreed that such details would be made available to Ms. DeBoever shortly.

6

31.     In an investment company like Mellon, the type of deferred compensation that was promised to Ms. DeBoever often functions like a commission, including that it is an anticipated component of an employee's overall compensation.

32.     After nearly 17 years of service to Mellon, Ms. DeBoever's employment with Mellon ended in July 2019 on amicable terms with Ms. DeBoever agreeing to continue her employment to assist Mellon with her transition.

33.     At all times, Ms. DeBoever understood that the 2016 Deferred Compensation, 2017 Deferred Compensation, and 2018 Deferred Compensation was compensation for past work performed, would be payable to her upon her termination, and would not be forfeited.

34.     For instance, Mellon's Exiting Employee Information Guide (the "Employee Guide") indicates that deferred cash compensation is payable after an employee leaves Mellon.

35.     Specifically, the Employee Guide states of inventive compensation or commissions as follows: "[a]fter you leave [ ] Mellon, any incentive or commission you are eligible to receive, that is not included in your final pay will be paid to you in the form of a check."

36.     However, after Ms. DeBoever's employment with Mellon ended in July 2019, Mellon refused to provide her with any portion of her deferred cash compensation for 2016, 2017, and 2018.

37.     Mellon took the position that Ms. DeBoever's deferred cash compensation for 2016, 2017, and 2018 was subject to a three-year vesting cliff pursuant to a Long-Term Incentive Cash Award Plan.

38.     Upon information and belief, Ms. DeBoever never received any documentation of the supposed three-year vesting cliff on account of her deferred cash compensation for 2016,

7

2017, and 2018, nor did she receive from Mellon a copy of the supposed Long-Term Incentive Cash Award Plan.

39.     The documents that Mellon previously provided to Ms. DeBoever regarding the terms of the deferred cash compensation provided very different terms, including that the deferred cash compensation was earned and vested as of the grant date that Mellon awarded the deferred cash compensation to Ms. DeBoever (i.e., each February for the preceding year).

40.     In addition, other than a partial payment on account of Ms. DeBoever's deferred equity compensation for the year 2016, Mellon has refused to pay or issue the remainder of Ms. DeBoever's deferred equity for the years 2016, 2017, and 2018.

41.     Mellon has taken the position that Ms. DeBoever allegedly agreed electronically to certain terms related to her deferred equity compensation for the years 2016, 2017, and 2018 that allegedly allow for Ms. DeBoever's deferred equity compensation to be forfeited upon her separation of employment from Mellon.

42.     Ms. DeBoever disagrees that she provided knowing and binding consent to such terms. Any alleged consent to such terms, made electronically, was not binding. Any such alleged terms are also contrary to Massachusetts law.

43.     In addition, upon information and belief, Ms. DeBoever did not receive all of the documentation regarding such deferred equity compensation that Mellon agreed to provide to Ms. DeBoever shortly upon receipt of such deferred equity compensation for the years 2016, 2017, and 2018.

44.     Subsequent to her separation of employment, Ms. DeBoever has requested from Mellon all of the alleged agreements and documents that Mellon claims to be relevant to her deferred compensation for the years 2016, 2017, and 2018. Upon information and belief, Mellon

8

has failed to provide all such documentation, after repeated requests by Ms. DeBoever for Mellon to provide the documentation.

## CAUSES OF ACTION

### COUNT I
#### Breach of Contract – Nonpayment of Deferred Compensation (Cash and Equity)

45.     Plaintiff restates the allegations contained in the paragraphs above as if fully set forth herein.

46.     Ms. DeBoever had an agreement with Mellon pursuant to which Ms. DeBoever performed services for Mellon in exchange for compensation for her services, including, but not limited to, deferred compensation.

47.     Such agreement constituted a valid and binding contract between the parties.

48.     Ms. DeBoever performed all of her obligations pursuant to the contract between the parties by providing her services to Mellon for the calendar years 2016, 2017, and 2018.

49.     On account of Ms. DeBoever's services for the calendar years 2016, 2017, and 2018, Mellon agreed to provide Ms. DeBoever with the earned and vested 2016 Deferred Compensation, 2017 Deferred Compensation, and 2018 Deferred Compensation.

50.     Upon the termination of her employment, Ms. DeBoever was and is entitled to the earned and vested 2016 Deferred Compensation, 2017 Deferred Compensation, and 2018 Deferred Compensation, including, but not limited to, her deferred cash compensation that is payable at the time of her termination by check.

51.     In each of 2016, 2017, and 2018, Ms. DeBoever was induced to continue working for Mellon based on Mellon's representations regarding the 2016 Deferred Compensation, 2017 Deferred Compensation, and 2018 Deferred Compensation that she had earned and in which she understood that she had vested.

9

52. Mellon has breached its contract with Ms. DeBoever by failing to pay all deferred compensation owed, and claiming that the unpaid deferred compensation has been forfeited upon Ms. DeBoever's termination of employment. This is contrary to the parties' contract.

53. As a result of Mellon's breach of its contractual obligations, Ms. DeBoever has sustained damages in an amount to be determined at trial.

**COUNT II**
**Breach of Contract – Failure to Provide Additional Terms and Conditions**

54. Plaintiff restates the allegations contained in the paragraphs above as if fully set forth herein.

55. In conjunction with Ms. DeBoever's receipt and notification of the 2016 Deferred Compensation, 2017 Deferred Compensation, and 2018 Deferred Compensation, Mellon represented and agreed that Mellon would provide Ms. DeBoever with the details of the deferred compensation, including any applicable terms and conditions, and represented and agreed that such details would be made available to Ms. DeBoever shortly.

56. Upon information and belief, Mellon is now relying upon certain documents that were never provided by Mellon to Ms. DeBoever for its incorrect position that Ms. DeBoever's earned and vested 2016 Deferred Compensation, 2017 Deferred Compensation, and 2018 Deferred Compensation was somehow forfeited upon her termination of employment.

57. Upon information and belief, Ms. DeBoever was not provided with these or other alleged documents specific to the 2016 Deferred Compensation, 2017 Deferred Compensation, and 2018 Deferred Compensation.

58. In addition, upon information and belief, not only did Ms. DeBoever not receive such documents, but she did not receive such documents *shortly* after being awarded her earned

and vested 2016 Deferred Compensation, 2017 Deferred Compensation, and 2018 Deferred Compensation, which Mellon represented and agreed that it would do for each such year.

59.     Upon information and belief, the documents that Ms. DeBoever did receive did not provide that the deferred cash compensation is subject to a three-year cliff, or any other vesting schedule.

60.     As a result of Defendant's breach of its contractual obligations to provide any details regarding the terms and conditions of her deferred compensation as well as to provide access to such terms and conditions shortly upon notifying Ms. DeBoever regarding the amounts of her deferred compensation for the years 2016, 2017, and 2018, Ms. DeBoever has sustained damages in an amount to be determined at trial.

## COUNT III
### Violation of the Massachusetts Wage Act – Failure to Pay Wages

61.     Plaintiff restates the allegations contained in the paragraphs above as if fully set forth herein.

62.     Incentive awards are considered wages under the Wage Act where they are due and payable and arithmetically determinable, as is the case here. *See Levesque v. Schroder Inv. Mgmt. N. Am., Inc.*, 368 F. Supp. 3d 302, 313 (D. Mass. 2019).

63.     Ms. DeBoever's deferred compensation was due and payable upon the termination of her employment in July 2019.

64.     Ms. DeBoever's deferred compensation constitutes "wages" under the Wage Act. *See Dobin v. CIOview Corp.*, No. CIV.A. 2001-00108, 2003 WL 22454602, at *5 (Mass. Super. Oct. 29, 2003) (deferred compensation was considered "wages" for purposes of the Wage Act where it was earned due to an employee's continued work for a period of time, but paid after).

11

65.     Any alleged terms and conditions that would permit a forfeiture of Ms. DeBoever's cash and equity compensation would constitute an impermissible "special contract" under the Wage Act. *See* M.G.L. c. 149, §148 ("[n]o person shall by a special contract with an employee or by any other means exempt himself from this section or from section one hundred and fifty....").

66.     Further, any such alleged term that would effect a forfeiture would be contrary to the Supreme Judicial Court's ruling in *Crocker v. Townsend Oil Co.*, 464 Mass. 1 (2012) (opining that the Wage Act's "special contract" provision "generally prohibit[s] an employer from deducting, or withholding payment of, any earned wages [and] **cannot be overcome by an employee's assent, both because §148 makes the special contract prohibition unconditional and for reasons of public policy.**") (emphasis added).

67.     Ms. DeBoever exhausted all administrative remedies and received a notice of right to sue from Attorney General's Fair Labor Division on October 21, 2019.

68.     Defendant's violations of M.G.L. c. 149 § 148 were willful and intentional.

69.     Defendant's failure to pay Plaintiff for these activities violates the Massachusetts Wage Act, M.G.L. c. 151 §§ 1A, *et seq*.

70.     Pursuant to the Wage Act, Ms. DeBoever is further entitled to her costs and attorneys' fees incurred if she is successful in prosecuting an action for her unpaid wages, treble damages, penalties, and interest.

## COUNT IV
### Breach of the Covenant of Good Faith and Fair Dealing

71.     Plaintiff incorporates the proceeding paragraphs of the Complaint in their entirety as if specifically alleged herein.

72. Implied in every contract is a covenant of good faith and fair dealing. The covenant is breached when a party acts in a manner that deprives the other party of the right to receive benefits under their agreement.

73. Ms. DeBoever had a contract with Mellon regarding payment of deferred compensation.

74. Ms. DeBoever earned the deferred compensation on account of her work for the years 2016, 2017, and 2018.

75. Ms. DeBoever's employment with Mellon ended on good terms in 2019, relying on the fact that she would receive the deferred compensation.

76. Only after Ms. DeBoever's employment with Mellon ended in 2019 was she informed that the deferred wages were subject to an alleged document, a Long-Term Incentive Cash Award Plan, that allegedly provides for a three-year vesting schedule – which is a document that Ms. DeBoever, upon information and belief, never received from Mellon.

77. Mellon's acts and omissions comprise a breach of the covenant of good faith and fair dealing by, without limitation, failing to inform Ms. DeBoever about alleged terms related to the deferred compensation that Ms. DeBoever earned for the years 2016, 2017, and 2018, and abusing its ability to specify terms related to the deferred compensation to the extent that Mellon may have been contractually permitted to do so.

78. Ms. DeBoever has been harmed by Defendant's breach by not receiving her deferred compensation for the years 2016, 2017, and 2018 in an amount to be determined at trial.

### COUNT V
### Unjust Enrichment

79. Plaintiff restates the allegations contained in the paragraphs above as if fully set forth herein.

13

80. Defendant has been unjustly enriched at the expense of Ms. DeBoever.

81. By failing to pay Ms. DeBoever her earned deferred compensation, Defendant is unjustly enriched by retaining the benefit of the monies to which Defendant is not entitled.

82. But for Defendant's non-payment of Ms. DeBoever's deferred compensation, Ms. DeBoever would have benefitted financially, among other things, being able to invest or use approximately $376,200.00 in cash deferred compensation and additional equity deferred compensation that she has not received from Mellon.

83. As a direct result of the foregoing actions, Ms. DeBoever has suffered damages in an amount to be determined at trial.

## COUNT VI
### Negligent Misrepresentation

84. Plaintiff restates the allegations contained in the paragraphs above as if fully set forth herein.

85. Mellon had a duty to impart full and correct information to Ms. DeBoever in connection with the earned and vested 2016 Deferred Compensation, 2017 Deferred Compensation, and 2018 Deferred Compensation, as Mellon possesses unique and specialized expertise regarding information related to its company and its compensation plans, and occupies a special position of trust and confidence.

86. Upon information and belief, Mellon supplied false information, or omitted to provide material information, to Ms. DeBoever in connection with her deferred compensation for the years 2016, 2017, and 2018, including, but not limited to, misrepresenting or omitting to disclose the terms and conditions related to the payment terms of the deferred compensation upon termination of employment.

14

87.     Upon information and belief, Mellon failed to exercise reasonable care or

competence in obtaining or communicating, or failing to communicate, the information to Ms.

DeBoever.

88.     Ms. DeBoever reasonably relied upon the information provided by Mellon.

89.     As a direct and proximate result of Mellon's misrepresentations, Ms. DeBoever

has suffered damages in an amount to be proven at trial, including, without limitation, punitive

and exemplary damages.

## COUNT VII
### Declaratory Judgment

90.     Plaintiff restates the allegations contained in the paragraphs above as if fully set

forth herein.

91.     Ms. DeBoever seeks a judgment pursuant to the Massachusetts declaratory

judgment law, M.G.L. c. 231A § 1, declaring that:

        a.  Ms. DeBoever is entitled to the 2016 Deferred Compensation, 2017 Deferred
            Compensation, and 2018 Deferred Compensation, as defined herein; and

        b.  The terms of the Long-Term Incentive Cash Award Plan are inapplicable to
            Ms. DeBoever, at least insofar as they would purport to divest her of the 2016
            Deferred Compensation, 2017 Deferred Compensation, and 2018 Deferred
            Compensation, or otherwise preclude the same from having vested fully in
            Ms. DeBoever.

92.     There is an actual controversy on this issue as Mellon has alleged that Ms.

DeBoever forfeited the 2016 Deferred Compensation, 2017 Deferred Compensation, and 2018

Deferred Compensation pursuant to the Long-Term Incentive Cash Award Plan.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Connie Fang DeBoever prays that this Court grant her the

following relief:

      1.  That judgment is entered on behalf of Ms. DeBoever on all Counts in her Complaint;

2. Declaring that Defendant has breached its employment agreement with Ms. DeBoever with respect to the payment of deferred compensation;

3. Declaring that Defendant has breached its employment agreement with Ms. DeBoever with respect to the failure to provide terms and conditions;

4. Declaring that Defendant violated the Massachusetts Wage Act;

5. Awarding Ms. DeBoever unpaid deferred compensation;

6. Awarding Ms. DeBoever her costs and disbursements of this suit, including, but not limited to, pre-judgment and post-judgment interest, reasonable attorneys' fees, or any other fees;

7. Awarding Ms. DeBoever treble damages under the Massachusetts Wage Act;

8. Awarding Ms. DeBoever punitive and exemplary damages; and

9. That the Court grant Plaintiff such other and further relief as it considers just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims so triable.


[SIGNATURE APPEARS ON THE FOLLOWING PAGE]

Respectfully Submitted,

**CONNIE FANG DEBOEVER**

By her attorneys,


By: *Colin Hagan* /ETM with permission
Colin R. Hagan, BBO No. 684798
David J. Shlansky, BBO No. 565321
SHLANSKY LAW GROUP, LLP
1 Winnisimmet St.
Chelsea, MA 02150
Phone: (617) 497-7200
Fax:     (866) 257-9530
E-mail: Colin.Hagan@slglawfirm.com
          David.Shlansky@slglawfirm.com

Dated: November 6, 2019

17