## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **CONNIE FANG DEBOEVER,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **MELLON INVESTMENTS CORPORATION,** ) | **CIVIL ACTION** |
| **itself and as successor-in-interest to each of TBC** ) | **No. 1:20-cv-10078-IT** |
| **ASSET MANAGEMENT, LLC; THE BOSTON** ) | |
| **COMPANY ASSET MANAGEMENT, LLC.; BNY** ) | |
| **MELLON ASSET MANAGEMENT NORTH** ) | |
| **AMERICA CORPORATION; and BNY MELLON** ) | |
| **AMNA,** ) | |
| | |
| **Defendants.** | |

## DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Mellon Investments Corporation ("Defendant"), individually and as a successor-in-interest to TBC Asset Management, LLC, The Boston Company Asset Management, LLC, BNY Mellon Asset Management North America Corporation, and BNY Mellon AMNA,[1] by and through its undersigned attorneys, hereby answers the Complaint ("Complaint") of Plaintiff Connie Fang DeBoever ("Plaintiff") as set forth below.

---

[1] Defendant denies the allegations in footnote 1 of Plaintiff's Complaint and specifically denies that Plaintiff is entitled to pursue any claims against The Boston Company Asset Management, LLC; TBC Asset Management, LLC; BNY Mellon Asset Management North America Corporation; and BNY Mellon AMNA.  Defendant further avers that The Boston Company Asset Management, LLC; TBC Asset Management, LLC; BNY Mellon Asset Management North America Corporation; and BNY Mellon AMNA are not independent legal entities, and thus, are improperly named in the Complaint.

## COMPLAINT[2]

To the extent Plaintiff's unnumbered introductory paragraph requires a response, Defendant denies the allegations contained therein.

## INTRODUCTION

1.      Except to admit that Plaintiff was formerly employed by Defendant or its predecessors and that she purports to bring claims under the stated statutory provisions under Massachusetts law, Defendant denies the allegations in Paragraph 1 of the Complaint and specifically denies that Plaintiff is entitled to any relief.

2.      Except to admit that Mellon Investments Corporation is a multi-asset investment company, Defendant denies the allegations in Paragraph 2 of the Complaint.

3.      Except to admit that Mellon Investments Corporation or its predecessors hired Plaintiff on or about September 2002, Defendant denies the allegations in Paragraph 3 of the Complaint.

4.      Except to admit that Plaintiff received discretionary deferred incentive award(s) comprised of deferred cash award(s) and deferred equity award(s) in connection with her employment for the calendar years 2016, 2017, and 2018 and that payment of such deferred incentive award(s) were subject to the terms and conditions of all applicable governing plan documents (including but not limited to the applicable vesting schedule(s) and forfeiture provision(s)), Defendant denies the allegations in Paragraph 4 of the Complaint and specifically denies that Plaintiff "earned" any deferred incentive award(s) in connection with her employment for the calendar years 2016, 2017, and 2018.

---

[2] Defendant restates herein the headings contained in Plaintiff's Complaint for the Court's convenience, but it does not admit the content of any of the headings.

5.     Except to admit that Plaintiff voluntary resigned from employment with Defendant in or about July 2019, Defendant denies the allegations in Paragraph 5 of the Complaint.

6.     Defendant denies the allegations in Paragraph 6 of the Complaint and specifically denies that Plaintiff's deferred incentive award(s) in connection with her employment for calendar years 2016, 2017, and 2018 "vested" or otherwise were payable to her following her voluntary resignation pursuant to the terms and conditions of the applicable plan documents.

7.     Defendant denies the allegations in Paragraph 7 of the Complaint.

8.     Except to admit that Plaintiff purports to bring this action seeking the relief as set forth in Paragraph 8, Defendant denies the allegations in Paragraph 8 of the Complaint and specifically denies that Plaintiff is entitled to any damages or other relief.

## PARTIES

9.      Except to admit that Plaintiff is an individual and that its records reflect that Plaintiff's last known address was 61 Phillips Beach Avenue, Swampscott, Massachusetts 01907, Defendant denies the allegations in Paragraph 9 of the Complaint.

10.     Admitted.  By way of further response, Defendant avers that Mellon Investments Corporation has a principal place of business located at 50 Fremont Street, Suite 3900 San Francisco, California 94105.

11.     Except to admit that TBC Asset Management, LLC was a "doing business as" name for The Boston Company Asset Management, LLC, and that The Boston Company Asset Management, LLC, merged with Mellon Capital Management Corporation, which was later renamed BNY Mellon Asset Management North America Corporation, which was later renamed Mellon Investments Corporation, Defendant denies the allegations in Paragraph 11 of the Complaint.  By way of further response, Defendant avers that TBC Asset Management, LLC is

not an independent legal entity and thus is improperly named as a defendant in the above-captioned action.

12.     Except to admit that The Boston Company Asset Management, LLC, merged with Mellon Capital Management Corporation, which was later renamed BNY Mellon Asset Management North America Corporation, which was later renamed Mellon Investments Corporation, Defendant denies the allegations in Paragraph 12 of the Complaint.  By way of further response, Defendant avers that The Boston Company Asset Management, LLC is not an independent legal entity and thus is improperly named as a defendant in the above-captioned action.

13.     Except to admit that The Boston Company Asset Management, LLC, merged with Mellon Capital Management Corporation, which was later renamed BNY Mellon Asset Management North America Corporation, which was later renamed Mellon Investments Corporation, Defendant denies the allegations in Paragraph 13 of the Complaint.  By way of further response, Defendant avers that BNY Mellon Asset Management North America is not an independent legal entity and thus is improperly named as a defendant in the above-captioned action.

14.     Except to admit that BNY Mellon AMNA is a "doing business as" name for BNY Mellon Asset Management North America Corporation, which was later renamed Mellon Investments Corporation, Defendant denies the allegations in Paragraph 14 of the Complaint.  By way of further response, Defendant avers that BNY Mellon AMNA is not an independent legal entity and thus is improperly named as a defendant in the above-captioned action.

## JURISDICTION AND VENUE

15.     Defendant avers that the allegation in Paragraph 15 of the Complaint is a conclusion of law to which no response is required.  By way of further response, Defendant avers that the United States District Court for the District of Massachusetts has subject matter jurisdiction over the above-captioned matter pursuant 28 U.S.C. § 1332.

16.     Defendant avers that the allegation in Paragraph 16 of the Complaint is a conclusion of law to which no response is required.  By way of further response, Defendant avers that the United States District Court for the District of Massachusetts has personal jurisdiction over Defendant Mellon Investments Corporation.

17.     Defendant avers that the allegation in Paragraph 17 of the Complaint is a conclusion of law to which no response is required.  By way of further response, Defendant avers that venue is proper in the United States District Court for the District of Massachusetts.

## FACTUAL ALLEGATIONS

18.      Except to admit that Defendant or its predecessors hired Plaintiff in or about September 2002, Defendant denies the allegations in Paragraph 18 of the Complaint.

19.     Plaintiff purports to characterize a written document that speaks for itself, and therefore, no response is required.  To the extent a response is required, Defendant admits that Plaintiff was provided a W-2 in 2016 with the employer name listed as TBC Asset Management, LLC, but denies the remaining allegations in Paragraph 19 of the Complaint and specifically denies that TBC Asset Management, LLC is a properly named defendant in this action.

20.     Plaintiff purports to characterize a written document that speaks for itself, and therefore, no response is required.  To the extent a response is required, except to admit that The Boston Company Asset Management, LLC, doing business as TBC Asset Management, LLC, was

- 5 -

Plaintiff's employer in the calendar year 2016, Defendant denies the allegations in Paragraph 20 of the Complaint and specifically denies that TBC Asset Management, LLC is a properly named defendant in this action.

21.    Defendant denies the allegations in Paragraph 21 of the Complaint and specifically denies that Plaintiff "earned" any deferred incentive award(s) in connection with her employment for the calendar year 2016, that it notified Plaintiff that the "Payment Date" associated with such award(s) would occur in February 2017 or any other time, or that any deferred incentive award(s) in connection with her employment for the calendar year 2016 were payable to her following her voluntary resignation pursuant to the terms and conditions of the applicable plan documents.

22.    Plaintiff purports to characterize the 2016 "Total Compensation Statement" that The Boston Company Asset Management, LLC provided to her in or about February 2017, which is a written document that speaks for itself, and therefore no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 22 of the Complaint and specifically denies any characterization contrary to the terms of the 2016 "Total Compensation Statement."

23.    Plaintiff purports to characterize a written document that speaks for itself, and therefore, no response is required.  To the extent a response is required, Defendant admits that Plaintiff was provided a W-2 in 2017 with the employer name listed as The Boston Company Asset Management, LLC, but denies the remaining allegations in Paragraph 23 of the Complaint and specifically denies that The Boston Company Asset Management, LLC is a properly named defendant in this action.

24.    Plaintiff purports to characterize a written document that speaks for itself, and therefore, no response is required.  To the extent a response is required, except to admit that The

Boston Company Asset Management, LLC was Plaintiff's employer in 2017, Defendant denies the allegations in Paragraph 24 of the Complaint and specifically denies that The Boston Company Asset Management, LLC is a properly named defendant in this action.

25.    Defendant denies the allegations in Paragraph 25 of the Complaint and specifically denies that Plaintiff "earned" any deferred incentive award(s) in connection with her employment for calendar year 2017, that it notified Plaintiff that the "Payment Date" associated with such award(s) would occur in February 2018 or any other time, or that any deferred incentive award(s) in connection with her employment for the calendar year 2017 were payable to her following her voluntary resignation pursuant to the terms and conditions of the applicable plan documents.

26.    Plaintiff purports to characterize the 2018 "Total Compensation Statement" that The Boston Company Asset Management Company, LLC provided to her in or about February 2017, which is a written document that speaks for itself, and therefore no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 26 of the Complaint and specifically denies any characterization contrary to the terms of the 2017 "Total Compensation Statement."

27.    Plaintiff purports to characterize a written document that speaks for itself, and therefore, no response is required.  To the extent a response is required, Defendant admits that Plaintiff received a W-2 in 2018 with the employer name listed as "BNY Mellon AMNA," but denies the remaining allegations in Paragraph 27 of the Complaint and specifically denies that BNY Mellon AMNA is a properly named defendant in this action.

28.    Except to admit that BNY Mellon Asset Management North America Corporation, doing business as BNY Mellon AMNA, was Plaintiff's employer in calendar year 2018, Defendant

denies the allegations in Paragraph 28 of the Complaint and specifically denies that BNY Mellon AMNA is a properly named defendant in this action.

29.     Defendant denies the allegations in Paragraph 29 of the Complaint and specifically denies that Plaintiff "earned" any deferred incentive award(s) in connection with her employment for calendar year 2018, that it notified Plaintiff that the "Payment Date" associated with such award(s) would occur in February 2019 or any other time, or that any deferred incentive award(s) in connection with her employment for the calendar year 2018 were payable to her following her voluntary resignation pursuant to the terms and conditions of the applicable plan documents.

30.     Plaintiff purports to characterize the 2018 "Total Compensation Statement" that was provided to Plaintiff in or about February 2018, which is a written document that speaks for itself, and therefore no response is a required.  To the extent a response is required, Defendant denies the allegations in Paragraph 30 of the Complaint and specifically denies any characterization contrary to the terms of the 2017 "Total Compensation Statement."

31.     Defendant denies the allegations in Paragraph 31 of the Complaint.

32.     Except to admit that Plaintiff voluntary resigned  from her employment on or about July 2019, Defendant denies the allegations in Paragraph 32 of the Complaint.

33.     Defendant denies the allegations in Paragraph 33 of the Complaint and specifically denies that any deferred incentive award(s) in connection with Plaintiff's employment in calendar years 2016, 2017, and 2018 were payable to her pursuant to the terms and conditions of applicable plan documents following her voluntary resignation.

34.     Plaintiff purports to characterize a written document, which speaks for itself, and therefore no response is required.  To the extent a response is a required, Defendant denies the

allegations in Paragraph 34 of the Complaint and specifically denies any characterization contrary to the terms of the "Exiting Employee Information Guide."

35.     Plaintiff purports to characterize and partially quote a written document, which speaks for itself, and therefore no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 35 of the Complaint and specifically denies any characterization contrary to the terms of the "Exiting Employee Information Guide."

36.     Except to admit that Plaintiff was not entitled to receive payment for the unvested deferred cash award(s) in connection with her employment for calendar years 2016, 2017, and 2018 pursuant to the terms and conditions of the applicable plan documents following her voluntary resignation in July 2019, Defendant denies the allegations in Paragraph 36 of the Complaint.

37.     Plaintiff purports to characterize a written document, which speaks for itself, and therefore, no response is required.  To the extent a response is required, Defendant admits that Plaintiff's deferred cash award(s) in connection with her employment for calendar years 2016, 2017, and 2018 were subject to a three-year vesting schedule, but denies the remaining allegations in Paragraph 37 of the Complaint and specifically denies any allegations contrary to the terms of the Long-Term Incentive Cash Award Plan.

38.     Defendant denies the allegations in Paragraph 38 of the Complaint.

39.     Defendant denies the allegations in Paragraph 39 of the Complaint.

40.     Except to admit that Defendant paid the vested portion of Plaintiff's deferred equity incentive award in connection with her employment in calendar year 2016 and that Plaintiff was not entitled to payment for any unvested portion(s) of deferred equity incentive award(s) in connection with her employment for calendar years 2016, 2017, and 2018 pursuant to the terms

and conditions of the applicable plan document(s), Defendant denies the allegations in Paragraph 40 of the Complaint.

41.     Except to admit that Plaintiff electronically agreed that her unvested deferred equity incentive award(s) in connection with her employment for the calendar years 2016, 2017, and 2018 would be forfeited upon her voluntary resignation, Defendant denies the allegations in Paragraph 41 of the Complaint.

42.     Defendant avers that the allegations in Paragraph 42 are conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 42 of the Complaint.

43.     Defendant denies the allegations in Paragraph 43 of the Complaint.

44.     Defendant denies the allegations in Paragraph 44 of the Complaint.

## CAUSES OF ACTION

### COUNT I
### Breach of Contract – Nonpayment of Deferred Incentive (Cash and Equity)

45.     Defendant repeats and realleges its responses to Paragraphs 1-44 of the Complaint as if fully asserted herein.

46.     Defendant denies the allegations in Paragraph 46 of the Complaint.

47.     Defendant avers that the allegation in Paragraph 47 is a conclusion of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 47 of the Complaint.

48.     Defendant denies the allegations in Paragraph 48 of the Complaint.

49.     Defendant denies the allegations in Paragraph 49 of the Complaint.

50.     Defendant denies the allegations in Paragraph 50 of the Complaint.

51.     Defendant denies the allegations in Paragraph 51 of the Complaint.

52.     Defendant denies the allegations in Paragraph 52 of the Complaint.

53.     Defendant denies the allegations in Paragraph 53 of the Complaint and specifically denies that Plaintiff is entitled to any relief.

## COUNT II
### Breach of Contract – Failure to Provide Additional Terms and Conditions

54.   Defendant repeats and realleges its responses to Paragraphs 1-53 of the Complaint as if fully asserted herein.

55.   Plaintiff purports to characterize the 2017, 2018, and 2019 "Total Compensation Statement(s)" that she received, which are written documents that speak for themselves, and therefore no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 55 of the Complaint and specifically denies any characterization contrary to the terms of the 2017, 2018, and 2019 "Total Compensation Statement(s)."

56.   Defendant denies the allegations in Paragraph 56 of the Complaint

57. Defendant denies the allegations in Paragraph 57 of the Complaint

58. Defendant denies the allegations in Paragraph 58 of the Complaint

59. Defendant denies the allegations in Paragraph 59 of the Complaint

60.   Defendant denies the allegations in Paragraph 60 of the Complaint and specifically denies that Plaintiff is entitled to any relief.

## COUNT III
### Violation of Massachusetts Wage Act – Failure to Pay Wages

61.   Defendant repeats and realleges its responses to Paragraphs 1-60 of the Complaint as if fully asserted herein.

62.   Defendant avers that the allegation in Paragraph 62 of the Complaint is a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 62 of the Complaint.

63.   Defendant denies the allegations in Paragraph 63 of the Complaint.

64.   Defendant avers that the allegation in Paragraph 64 of the Complaint is a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 64 of the Complaint.

65.   Defendant avers that the allegation in Paragraph 65 of the Complaint is a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 65 of the Complaint.

66.   Defendant avers that the allegation in Paragraph 66 of the Complaint is a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 66 of the Complaint.

67.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 of the Complaint, and therefore, those allegations are denied.

68.   Defendant denies the allegations in Paragraph 68 of the Complaint.

69.   Defendant denies the allegations in Paragraph 69 of the Complaint.

70.   Defendant denies the allegations in Paragraph 70 of the Complaint and specifically denies that Plaintiff is entitled to any relief.

**COUNT IV**
**Breach of Covenant of Good Faith and Fair Dealing**

71.   Defendant repeats and realleges its responses to Paragraphs 1-70 of the Complaint as if fully asserted herein.

72.   Defendant avers that the allegation in Paragraph 72 of the Complaint is a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegation in Paragraph 72 of the Complaint.

73.   Defendant denies the allegations in Paragraph 73 of the Complaint.

74.   Defendant denies the allegations in Paragraph 74 of the Complaint.

75.   Except to admit that Plaintiff voluntary resigned  from her employment in 2019, Defendant denies the allegations in Paragraph 75 of the Complaint.

76.   Plaintiff purports to characterize a written document, which speaks for itself, and therefore no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 76 of the Complaint and specifically denies any characterization contrary to the terms of the Long-Term Incentive Cash Award Plan.

77.   Defendant denies the allegations in Paragraph 77 of the Complaint.

78.   Defendant denies the allegations in Paragraph 78 of the Complaint and specifically denies that Plaintiff is entitled to any relief.

**COUNT V**
**Unjust Enrichment**

79.   Defendant repeats and realleges its responses to Paragraphs 1-78 of the Complaint as if fully asserted herein.

80.   Defendant denies the allegations in Paragraph 80 of the Complaint.

81.   Defendant denies the allegations in Paragraph 81 of the Complaint.

82.   Defendant denies the allegations in Paragraph 82 of the Complaint.

83.   Defendant denies the allegations in Paragraph 83 of the Complaint and specifically denies that Plaintiff is entitled to any relief.

**COUNT VI**
**Negligent Misrepresentation**

84.   Defendant repeats and realleges its responses to Paragraphs 1-83 of the Complaint as if fully asserted herein.

85.   Defendant denies the allegations in Paragraph 85 of the Complaint.

86. Defendant denies the allegations in Paragraph 86 of the Complaint.

87. Defendant denies the allegations in Paragraph 87 of the Complaint.

88. Defendant denies the allegations in Paragraph 88 of the Complaint.

89.   Defendant denies the allegations in Paragraph 89 of the Complaint and specifically denies that Plaintiff is entitled to any relief.

### COUNT VII
### Declaratory Judgment

90.   Defendant repeats and realleges its responses to Paragraphs 1-89 of the Complaint as if fully asserted herein.

91.   Except to admit that Plaintiff seeks a declaratory judgment as stated in Paragraph 91, Defendant denies the allegations in Paragraph 91 of the Complaint and specifically denies that Plaintiff is entitled to any such relief.

92.   Defendant denies the allegations in Paragraph 92 of the Complaint.

### PRAYER FOR RELIEF[3]

1.    Defendant denies the allegations in Paragraph 1 under "PRAYER FOR RELIEF," and it specifically denies that Plaintiff is entitled to any relief.

2.    Defendant denies the allegations in Paragraph 2 under "PRAYER FOR RELIEF," and it specifically denies that Plaintiff is entitled to any relief.

3.    Defendant denies the allegations in Paragraph 3 under "PRAYER FOR RELIEF," and it specifically denies that Plaintiff is entitled to any relief.

4.    Defendant denies the allegations in Paragraph 4 under "PRAYER FOR RELIEF," and it specifically denies that Plaintiff is entitled to any relief.

---

[3] Defendants restate herein the numbering contained in Plaintiff's Complaint for the Court's convenience.

5.    Defendant denies the allegations in Paragraph 5 under "PRAYER FOR RELIEF," and it specifically denies that Plaintiff is entitled to any relief.

6.    Defendant denies the allegations in Paragraph 6 under "PRAYER FOR RELIEF," and it specifically denies that Plaintiff is entitled to any relief.

7.    Defendant denies the allegations in Paragraph 7 under "PRAYER FOR RELIEF," and it specifically denies that Plaintiff is entitled to any relief.

8.    Defendant denies the allegations in Paragraph 8 under "PRAYER FOR RELIEF," and it specifically denies that Plaintiff is entitled to any relief.

9.    Defendant denies the allegations in Paragraph 9 under "PRAYER FOR RELIEF," and it specifically denies that Plaintiff is entitled to any relief.

## JURY DEMAND

Defendant admits only that Plaintiff purports to demand a trial by jury and reserves all rights to challenge that demand at the appropriate stage of the litigation.

## GENERAL DENIAL

To the extent that Defendant has not specifically admitted above any allegations of the Complaint, they are denied.

## DEFENSES

1.    Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2.    Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations governing the claims advanced by Plaintiff.

3.    Plaintiff's claims are barred, in whole or in part, because she lacks standing to seek some or all of the requested relief.

4.     Plaintiff's claims are barred, in whole or in part, because she has already been paid and/or received all wages due to her under Massachusetts law.

5.     Plaintiff's claims are barred, in whole or in part, because there was no valid contract and/or employment agreement between Plaintiff and Defendant or any of its predecessors.

6.     Plaintiff's claims are barred, in whole or in part, because the monies she seeks to recover do not constitute wages under Massachusetts law.

7.     Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to fulfill conditions for payment under applicable plan documents.

8.     Plaintiff's claims are barred, in whole or part, because Plaintiff's deferred incentive award(s) did not vest under the terms of the applicable plan documents and therefore she forfeited such award(s) upon her voluntary resignation from employment.

9.     Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to exhaust administrative remedies and/preconditions.

10.    Plaintiff's claims are barred, in whole or in part, to the extent that she has failed to mitigate her damages or otherwise avoid harm.

11.    Plaintiff's claims are barred, in whole or in part, because she has sustained no damages.

12.    Plaintiff is not entitled to an award of damages (including treble/liquidated damages), attorneys' fees, costs, expenses, or interest.

13.    Plaintiff's Complaint improperly and impermissibly seeks recovery of duplicative damages based on different theories or claims arising from the same or similar alleged acts.

14.    Defendant has met and satisfied any and all obligations to Plaintiff, and therefore, this action is barred, in whole or in part, by the doctrine of accord and satisfaction.

15.   Plaintiff's claims are barred, in whole or in part, by her knowing and voluntary agreement to, and participation in, the incentive agreement(s) which she now challenges.

16.   Plaintiff's claims are barred, in whole or in part, because she lacks standing.

17.   Plaintiff's claims are barred, in whole or in part, to the extent deferred incentive awards(s) are discretionary and subject to the binding oversight of Defendant's Remuneration Committee.

18.   Plaintiff's claims are barred, in whole or in part, because she is not entitled to equitable relief.

19.   If any damages have been sustained by Plaintiff, although such is not admitted hereby or herein and is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all obligations of Plaintiff owed to Defendant against any judgment that may be entered against Defendant.

20.   Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, and/or unclean hands.

21.   Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of laches.

22.   Defendant has at all times acted in good faith and has had reasonable grounds for believing that any alleged acts and omissions were not violations of Massachusetts law with respect to Plaintiff.

23.   Plaintiff cannot meet her burden to establish that Defendant's alleged conduct was a willful violation of Massachusetts law.

24.  If any damages have been sustained by Plaintiff, although such is not admitted hereby or herein and is specifically denied, such damages were solely and proximately caused by Plaintiff's own negligent, reckless, or intentional conduct.

25.  This Court lacks personal jurisdiction over some or all of the Defendants.

### RESERVATION OF RIGHTS

Defendant reserves the right to amend its Answer and Defenses to the Complaint and to assert such additional defenses that may appear and prove applicable during discovery proceedings and its continuing fact investigation, or otherwise, in this case.

**WHEREFORE**, Defendant demands judgment dismissing Plaintiff's Complaint and awarding it attorney's fees, costs of suit, and such other and further relief as the Court may deem proper.

Dated: January 22, 2020

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By: /s/  *Keri L. Engelman*
Keri L. Engelman (BBO #704360)
One Federal Street
Boston, MA 02110
Telephone: 617.341.7828
Facsimile: 617.341.7701
keri.engelman@morganlewis.com

*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2020, the foregoing document was filed through the ECF system and sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). A paper copy will be served by first class mail to:

Colin R. Hagan, Esq.
David J. Shlanksy, Esq.
Shlanksy Law Group, LLP
1 Winnisimmet Street
Chelsea, MA 02150

*Attorneys for Plaintiff*

*/s/ Keri L. Engelman*
Keri L. Engelman