FR2709-CR

**COMMONWEALTH OF MASSACHUSETTS**
ESSEX COUNTY
**Public Docket Report**

**1977CV01551 Fang DeBoever, Connie vs. Mellon Investments Corporation et al**

| | | | |
|---|---|---|---|
| **CASE TYPE:** | Contract / Business Cases | **FILE DATE:** | 11/12/2019 |
| **ACTION CODE:** | A04 | **CASE TRACK:** | F - Fast Track |
| **DESCRIPTION:** | Employment Contract | | |
| **CASE DISPOSITION DATE** | | **CASE STATUS:** | Open |
| **CASE DISPOSITION:** | Pending | **STATUS DATE:** | 11/12/2019 |
| **CASE JUDGE:** | | **CASE SESSION:** | Civil B |

| DCM TRACK | | |
|---|---|---|
| **Tickler Description** | **Due Date** | **Completion Date** |
| Answer | 02/05/2020 | |
| Service | 02/10/2020 | |
| Rule 15 Served By | 03/11/2020 | |
| Rule 12/19/20 Served By | 03/11/2020 | |
| Rule 12/19/20 Filed By | 04/10/2020 | |
| Rule 15 Filed By | 04/10/2020 | |
| Rule 12/19/20 Heard By | 05/11/2020 | |
| Rule 15 Heard By | 05/11/2020 | |
| Discovery | 09/08/2020 | |
| Rule 56 Served By | 10/07/2020 | |
| Rule 56 Filed By | 11/06/2020 | |
| Final Pre-Trial Conference | 03/08/2021 | |
| Judgment | 11/11/2021 | |

| PARTIES | |
|---|---|
| **Plaintiff**<br>Fang DeBoever, Connie | **Attorney**    565321<br>David J Shlansky<br>Shlansky Law Group, LLP<br>Shlansky Law Group, LLP<br>1 Winnisimmet St<br>Suite 1<br>Chelsea, MA 02150<br>Work Phone (617) 497-7200<br>Added Date: 11/12/2019 |
| | **Attorney**    684798<br>Colin Hagan<br>Shlansky Law Group, LLP<br>Shlansky Law Group, LLP<br>1 Winnisimmet St<br>Suite 1<br>Chelsea, MA 02150<br>Work Phone (617) 497-7200<br>Added Date: 11/12/2019 |

A TRUE COPY, ATTEST

DEPUTY ASS'T. CLERK

**Defendant**
Mellon Investments Corporation as Successor in interest to TBC Assest Management, LLC

**Defendant**
Mellon Investments Corporation as Successor in interest to The Boston Company Asset Management, LLC

**Defendant**
Mellon Investments Corporation as Successor in interest to BNY Mellon Asset Management North America Corporation

**Defendant**
Mellon Investments Corporation as Successor in interest to BNY Mellon AMNA

**Defendant**
Mellon Investments Corporation

| FINANCIAL SUMMARY | | | | |
|---|---|---|---|---|
| Fees/Fines/Costs/Charge | Assessed | Paid | Dismissed | Balance |
| Total | 300.00 | 300.00 | 0.00 | 0.00 |

A TRUE COPY, ATTEST

DEPUTY ASS'T. CLERK

**COMMONWEALTH OF MASSACHUSETTS**
ESSEX COUNTY
**Public Docket Report**

| | | INFORMATIONAL DOCKET ENTRIES | |
|---|---|---|---|
| Date | Ref | Description | Judge |
| 11/12/2019 | | Attorney appearance<br>On this date Colin Hagan, Esq. added for Plaintiff Connie Fang DeBoever | |
| 11/12/2019 | | Attorney appearance<br>On this date David J Shlansky, Esq. added for Plaintiff Connie Fang DeBoever | |
| 11/12/2019 | | Case assigned to:<br>DCM Track F - Fast Track was added on 11/12/2019 | |
| 11/12/2019 | 1 | Original civil complaint filed. | |
| 11/12/2019 | 2 | Civil action cover sheet filed. | |
| 11/12/2019 | | Demand for jury trial entered. | |
| 01/03/2020 | 3 | Defendant Mellon Investments Corporation as Successor in interest to TBC Assest Management, LLC, Mellon Investments Corporation as Successor in interest to The Boston Company Asset Management, LLC, Mellon Investments Corporation as Successor in interest to BNY Mellon Asset Management North America Corporation, Mellon Investments Corporation, Mellon Investments Corporation as Successor in interest to BNY Mellon AMNA's Assented to Motion to<br>enlarge time for defendants to answer, move, or otherwise respond to complaint (Filed 12/31/19) | |
| 01/06/2020 | | Endorsement on Motion to enlarge time for defendants to answer, move, or otherwise respond to complaint (#3.0): ALLOWED<br>Upon review motion is ALLOWED by agreement (Mccarthy,J)<br><br>Judge: McCarthy-Neyman, Hon. Kathleen | McCarthy-Ney man |
| 01/17/2020 | 4 | Notice of Removal to the United States District Court filed by<br><br>Applies To: Mellon Investments Corporation (Defendant) | |

A TRUE COPY, ATTEST

DEPUTY ASS'T. CLERK

*1*

## COMMONWEALTH OF MASSACHUSETTS

ESSEX COUNTY s.s.                                                  SUPERIOR COURT

|  |  |
|---|---|
| CONNIE FANG DEBOEVER | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. *1977CV1551* B |
| v. | ) |
| | ) **DEMAND FOR JURY TRIAL** |
| MELLON INVESTMENTS | ) |
| CORPORATION, itself and as | ) |
| successor-in-interest to each of | ) |
| TBC ASSET MANAGEMENT, LLC; | ) |
| THE BOSTON COMPANY | ) |
| ASSET MANAGEMENT, LLC; | ) |
| BNY MELLON ASSET MANAGEMENT | ) |
| NORTH AMERICA CORPORATION; | ) |
| and BNY MELLON AMNA | ) |
| | ) |
| Defendants. | ) |
| | ) |

FILED
IN THE SUPERIOR COURT
FOR THE COUNTY OF ESSEX

NOV 1 9 2019

*Thomas H. Driscoll Jr.*
CLERK

## COMPLAINT

Plaintiff Connie Fang DeBoever ("Ms. DeBoever" or "Plaintiff"), for her Complaint

against Defendant Mellon Investments Corporation, itself and as the successor-in-interest to each

of TBC Asset Management, LLC; The Boston Company Asset Management, LLC; BNY Mellon

Asset Management North America Corporation; and BNY Mellon AMNA[1] ("Defendant" or

"Mellon"), upon personal knowledge with respect to Plaintiff and her own acts, upon

information and belief as to all other matters, and with the belief that all matters alleged herein

---

[1] Upon information and belief, each of the foregoing entities has been acquired by, changed its name to, or merged into Mellon Investments Corporation. As alleged herein, Plaintiff was employed by each of the foregoing entities at different times during her employment with Mellon. Plaintiff reserves her rights to pursue her claims against any of the foregoing entities to the extent that any such entities may maintain a business or corporate existence separate from Mellon Investments Corporation.

A TRUE COPY, ATTEST

*[signature]*
DEPUTY ASS'T. CLERK

will have evidentiary support after reasonable opportunity for further investigation and discovery, states as follows:

## **INTRODUCTION**

1.    This action arises out of Defendant's failure to pay Ms. DeBoever, who was formerly employed by Mellon, deferred compensation that constitute wages, in accordance with the Massachusetts wage laws, M.G.L. c. 149, §§ 148 and 150; M.G.L. c. 151, §§ 1A and 1B, in violation M.G.L. c. 151, §§ 1A and 1B.

2.    Mellon is a multi-asset investment company.

3.    Mellon hired Ms. DeBoever as an employee on or about September 2002.

4.    For Ms. DeBoever's employment for the full calendar years of 2016, 2017, and 2018, Ms. DeBoever earned deferred compensation comprising deferred cash compensation and deferred equity compensation, which deferred compensation was granted and awarded by Mellon each February for the prior year of Ms. DeBoever's services.

5.    Ms. DeBoever was an exemplary employee of Mellon for nearly 17 years until her separation of employment in July 2019.

6.    Ms. DeBoever understood that the deferred compensation for the years of 2016, 2017, and 2018 was earned and vested immediately upon Mellon's notifications that she was entitled to and granted such deferred compensation, and would be payable immediately upon her termination of employment.

7.    Defendant has willfully and intentionally refused to provide Ms. DeBoever with the deferred compensation after her separation of employment, claiming that she was no longer entitled to it as she was no longer employed by Mellon, and that it was somehow forfeited pursuant to alleged agreements and documents that, upon information and belief, were not

2


A TRUE COPY, ATTEST
DEPUTY ASST. CLERK

provided to Ms. DeBoever during her employment, and were still not provided by Mellon subsequent to her separation of employment, after repeated requests.

8.    Ms. DeBoever brings this action seeking full payment of the deferred compensation for the years 2016, 2017, and 2018, including all deferred cash and deferred equity compensation that she has been deprived of, plus interest, damages, pre-judgment and post-judgment interest, attorneys' fees, and costs. Ms. DeBoever also seeks treble damages for Defendant's violations of applicable labor laws.

## PARTIES

9.    Plaintiff Connie Fang DeBoever is a natural person residing at 61 Phillips Beach Avenue, Swampscott, Massachusetts 01907.

10.    Upon information and belief, Defendant Mellon Investments Corporation is a Delaware corporation with a business address of one Boston Place, Boston, Massachusetts 02108.

11.    Upon information and belief, TBC Asset Management, LLC, is or was a Delaware limited liability company. Upon information and belief, Mellon Investment Corporation is the successor-in-interest to TBC Asset Management, LLC.

12.    Upon information and belief, The Boston Company Asset Management, LLC, is or was a Delaware limited liability company. Upon information and belief, Mellon Investment Corporation is the successor-in-interest to The Boston Company Asset Management, LLC.

13.    Upon information and belief, BNY Mellon Asset Management North America Corporation is or was a Delaware corporation. Upon information and belief, Mellon Investment Corporation is the successor-in-interest to BNY Mellon Asset Management North America Corporation.

3



A TRUE COPY, ATTEST

DEPUTY ASST. CLERK

14.     Upon information and belief, BNY Mellon AMNA is or was an incorporated business entity and a fictious or assumed business name used by BNY Mellon Asset Management North America Corporation.

### JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction over the Defendant pursuant to M.G.L. c. 212, § 3, because this is a civil action seeking relief in excess of $25,000.00.

16.     This Court has personal jurisdiction over the Defendant pursuant to M.G.L. c. 223A, § 3 because the contract at issue was executed and delivered in the Commonwealth of Massachusetts, the Defendant's actions caused harm to Plaintiff in the Commonwealth of Massachusetts, and because Defendant transacts business in the Commonwealth of Massachusetts.

17.     Venue is properly laid in this Court pursuant to M.G.L. c. 223, § 1, because Plaintiff resides in Swampscott, Massachusetts.

### FACTUAL ALLEGATIONS

18.     Ms. DeBoever was hired by Mellon on or about September 2002.

19.     For the year 2016, Mellon provided an IRS Form W-2 to Ms. DeBoever with the employer name listed as "TBC Asset Management, LLC."

20.     Upon information and belief, and pursuant to such 2016 Form W-2, TBC Asset Management, LLC, was Ms. DeBoever's employer for the calendar year 2016.

21.     On or about February 2017, Mellon awarded and agreed to provide Ms. DeBoever with deferred compensation for the calendar year 2016 consisting of deferred cash compensation totaling $106,200.00 and deferred equity compensation in two categories: (i) "TBCAM Def Cash Invst [sic]" valued at $84,960.00; and (ii) "TBC LTIP – BNYM RSUs" valued at $21,240.00

4


A TRUE COPY, ATTEST
DEPUTY ASS'T. CLERK

(the "2016 Deferred Compensation"). The 2016 Deferred Compensation was granted and earned

by Ms. DeBoever on account of her services provided to Mellon in 2016. In fact, Mellon

referred to the February 2017 date upon which Mellon notified Ms. DeBoever that she had

earned the 2016 Deferred Compensation as the "Payment Date" for the cash portion of the 2016

Deferred Compensation.

22.     On or about February 2017, in connection with the grant of the 2016 Deferred

Compensation, Mellon represented and agreed to provide Ms. DeBoever with the details of the

deferred compensation, including any applicable terms and conditions, and represented and

agreed that such details would be made available to Ms. DeBoever shortly.

23.     For the year 2017, Mellon provided an IRS Form W-2 to Ms. DeBoever with the

employer name listed as "The Boston Co. Asset Management, LLC."

24.     Upon information and belief, and pursuant to such 2017 Form W-2, The Boston

Company Asset Management, LLC was Ms. DeBoever's employer for the calendar year 2017.[2]

25.     On or about February 2018, Mellon awarded and agreed to provide Ms. DeBoever

with deferred compensation for the calendar year 2017 consisting of deferred cash compensation

totaling $126,000.00 and deferred equity compensation in two categories: (i) "AMNA Equity

Plan" valued at $88,200.00; and (ii) "AMNA Def Cash Invst [sic]" valued at $37,800.00 (the

"2017 Deferred Compensation"). The 2017 Deferred Compensation was granted and earned by

Ms. DeBoever on account of her services provided to Mellon in 2017. In fact, Mellon referred to

the February 2018 date upon which Mellon notified Ms. DeBoever that she had earned the 2017

Deferred Compensation as the "Payment Date" for the cash portion of the 2017 Deferred

Compensation.

---

[2] Upon information and belief, TBC Asset Management and The Boston Co. Asset Management may have been the
same entity.



A TRUE COPY, ATTEST

DEPUTY ASS'T. CLERK

26.     On or about February 2018, in connection with the grant of the 2017 Deferred Compensation, Mellon represented and agreed to provide Ms. DeBoever with the details of the deferred compensation, including any applicable terms and conditions, and represented and agreed that such details would be made available to Ms. DeBoever shortly.

27.     For the year 2018, Mellon provided a Form W-2 to Ms. DeBoever with the employer name listed as "BNY Mellon AMNA."

28.     Upon information and belief, and pursuant to such 2018 Form W-2, BNY Mellon Asset Management North America Corporation, doing business as BNY Mellon AMNA, was Ms. DeBoever's employer for the calendar year 2018.

29.     On or about February 2019, Mellon awarded and agreed to provide Ms. DeBoever with deferred compensation for the calendar year 2018 consisting of deferred cash compensation totaling $144,000.00 and deferred equity compensation in two categories: (i) "Mellon BNYM RSUs" valued at $36,000.00; and (ii) "Mellon Deferred Cash Invst [sic]" valued at $108,000.00 (the "2018 Deferred Compensation"). The 2018 Deferred Compensation was granted and earned by Ms. DeBoever on account of her services provided to Mellon in 2017. In fact, Mellon referred to the February 2019 date upon which Mellon notified Ms. DeBoever that she had earned the 2018 Deferred Compensation as the "Payment Date" for the cash portion of the 2018 Deferred Compensation.

30.     On or about February 2019, in connection with the grant of the 2018 Deferred Compensation, Mellon represented and agreed to provide Ms. DeBoever with the details of the deferred compensation, including any applicable terms and conditions, and represented and agreed that such details would be made available to Ms. DeBoever shortly.

6


A TRUE COPY, ATTEST

DEPUTY ASS'T. CLERK

31.     In an investment company like Mellon, the type of deferred compensation that was promised to Ms. DeBoever often functions like a commission, including that it is an anticipated component of an employee's overall compensation.

32.     After nearly 17 years of service to Mellon, Ms. DeBoever's employment with Mellon ended in July 2019 on amicable terms with Ms. DeBoever agreeing to continue her employment to assist Mellon with her transition.

33.     At all times, Ms. DeBoever understood that the 2016 Deferred Compensation, 2017 Deferred Compensation, and 2018 Deferred Compensation was compensation for past work performed, would be payable to her upon her termination, and would not be forfeited.

34.     For instance, Mellon's Exiting Employee Information Guide (the "Employee Guide") indicates that deferred cash compensation is payable after an employee leaves Mellon.

35.     Specifically, the Employee Guide states of inventive compensation or commissions as follows: "[a]fter you leave [ ] Mellon, any incentive or commission you are eligible to receive, that is not included in your final pay will be paid to you in the form of a check."

36.     However, after Ms. DeBoever's employment with Mellon ended in July 2019, Mellon refused to provide her with any portion of her deferred cash compensation for 2016, 2017, and 2018.

37.     Mellon took the position that Ms. DeBoever's deferred cash compensation for 2016, 2017, and 2018 was subject to a three-year vesting cliff pursuant to a Long-Term Incentive Cash Award Plan.

38.     Upon information and belief, Ms. DeBoever never received any documentation of the supposed three-year vesting cliff on account of her deferred cash compensation for 2016,

7



A TRUE COPY, ATTEST

DEPUTY ASS'T. CLERK

2017, and 2018, nor did she receive from Mellon a copy of the supposed Long-Term Incentive Cash Award Plan.

39.     The documents that Mellon previously provided to Ms. DeBoever regarding the terms of the deferred cash compensation provided very different terms, including that the deferred cash compensation was earned and vested as of the grant date that Mellon awarded the deferred cash compensation to Ms. DeBoever (i.e., each February for the preceding year).

40.     In addition, other than a partial payment on account of Ms. DeBoever's deferred equity compensation for the year 2016, Mellon has refused to pay or issue the remainder of Ms. DeBoever's deferred equity for the years 2016, 2017, and 2018.

41.     Mellon has taken the position that Ms. DeBoever allegedly agreed electronically to certain terms related to her deferred equity compensation for the years 2016, 2017, and 2018 that allegedly allow for Ms. DeBoever's deferred equity compensation to be forfeited upon her separation of employment from Mellon.

42.     Ms. DeBoever disagrees that she provided knowing and binding consent to such terms. Any alleged consent to such terms, made electronically, was not binding.  Any such alleged terms are also contrary to Massachusetts law.

43.     In addition, upon information and belief, Ms. DeBoever did not receive all of the documentation regarding such deferred equity compensation that Mellon agreed to provide to Ms. DeBoever shortly upon receipt of such deferred equity compensation for the years 2016, 2017, and 2018.

44.     Subsequent to her separation of employment, Ms. DeBoever has requested from Mellon all of the alleged agreements and documents that Mellon claims to be relevant to her deferred compensation for the years 2016, 2017, and 2018.  Upon information and belief, Mellon

8

A TRUE COPY, ATTEST

DEPUTY ASS'T. CLERK

has failed to provide all such documentation, after repeated requests by Ms. DeBoever for

Mellon to provide the documentation.

## CAUSES OF ACTION

### COUNT I
### Breach of Contract – Nonpayment of Deferred Compensation (Cash and Equity)

45.     Plaintiff restates the allegations contained in the paragraphs above as if fully set

forth herein.

46.     Ms. DeBoever had an agreement with Mellon pursuant to which Ms. DeBoever

performed services for Mellon in exchange for compensation for her services, including, but not

limited to, deferred compensation.

47.     Such agreement constituted a valid and binding contract between the parties.

48.     Ms. DeBoever performed all of her obligations pursuant to the contract between

the parties by providing her services to Mellon for the calendar years 2016, 2017, and 2018.

49.     On account of Ms. DeBoever's services for the calendar years 2016, 2017, and

2018, Mellon agreed to provide Ms. DeBoever with the earned and vested 2016 Deferred

Compensation, 2017 Deferred Compensation, and 2018 Deferred Compensation.

50.     Upon the termination of her employment, Ms. DeBoever was and is entitled to the

earned and vested 2016 Deferred Compensation, 2017 Deferred Compensation, and 2018

Deferred Compensation, including, but not limited to, her deferred cash compensation that is

payable at the time of her termination by check.

51.     In each of 2016, 2017, and 2018, Ms. DeBoever was induced to continue working

for Mellon based on Mellon's representations regarding the 2016 Deferred Compensation, 2017

Deferred Compensation, and 2018 Deferred Compensation that she had earned and in which she

understood that she had vested.

9

A TRUE COPY, ATTEST

DEPUTY ASS'T CLERK

52.    Mellon has breached its contract with Ms. DeBoever by failing to pay all deferred compensation owed, and claiming that the unpaid deferred compensation has been forfeited upon Ms. DeBoever's termination of employment.  This is contrary to the parties' contract.

53.    As a result of Mellon's breach of its contractual obligations, Ms. DeBoever has sustained damages in an amount to be determined at trial.

**COUNT II**
**Breach of Contract – Failure to Provide Additional Terms and Conditions**

54.    Plaintiff restates the allegations contained in the paragraphs above as if fully set forth herein.

55.    In conjunction with Ms. DeBoever's receipt and notification of the 2016 Deferred Compensation, 2017 Deferred Compensation, and 2018 Deferred Compensation, Mellon represented and agreed that Mellon would provide Ms. DeBoever with the details of the deferred compensation, including any applicable terms and conditions, and represented and agreed that such details would be made available to Ms. DeBoever shortly.

56.    Upon information and belief, Mellon is now relying upon certain documents that were never provided by Mellon to Ms. DeBoever for its incorrect position that Ms. DeBoever's earned and vested 2016 Deferred Compensation, 2017 Deferred Compensation, and 2018 Deferred Compensation was somehow forfeited upon her termination of employment.

57.    Upon information and belief, Ms. DeBoever was not provided with these or other alleged documents specific to the 2016 Deferred Compensation, 2017 Deferred Compensation, and 2018 Deferred Compensation.

58.    In addition, upon information and belief, not only did Ms. DeBoever not receive such documents, but she did not receive such documents *shortly* after being awarded her earned

10



and vested 2016 Deferred Compensation, 2017 Deferred Compensation, and 2018 Deferred Compensation, which Mellon represented and agreed that it would do for each such year.

59.     Upon information and belief, the documents that Ms. DeBoever did receive did not provide that the deferred cash compensation is subject to a three-year cliff, or any other vesting schedule.

60.     As a result of Defendant's breach of its contractual obligations to provide any details regarding the terms and conditions of her deferred compensation as well as to provide access to such terms and conditions shortly upon notifying Ms. DeBoever regarding the amounts of her deferred compensation for the years 2016, 2017, and 2018, Ms. DeBoever has sustained damages in an amount to be determined at trial.

### COUNT III
### Violation of the Massachusetts Wage Act – Failure to Pay Wages

61.     Plaintiff restates the allegations contained in the paragraphs above as if fully set forth herein.

62.     Incentive awards are considered wages under the Wage Act where they are due and payable and arithmetically determinable, as is the case here. *See Levesque v. Schroder Inv. Mgmt. N. Am., Inc.*, 368 F. Supp. 3d 302, 313 (D. Mass. 2019).

63.     Ms. DeBoever's deferred compensation was due and payable upon the termination of her employment in July 2019.

64.     Ms. DeBoever's deferred compensation constitutes "wages" under the Wage Act. *See Dobin v. CIOview Corp.*, No. CIV.A. 2001-00108, 2003 WL 22454602, at *5 (Mass. Super. Oct. 29, 2003) (deferred compensation was considered "wages" for purposes of the Wage Act where it was earned due to an employee's continued work for a period of time, but paid after).

11



A TRUE COPY, ATTEST

DEPUTY ASS'T. CLERK

65.     Any alleged terms and conditions that would permit a forfeiture of Ms. DeBoever's cash and equity compensation would constitute an impermissible "special contract" under the Wage Act. *See* M.G.L. c. 149, §148 ("[n]o person shall by a special contract with an employee or by any other means exempt himself from this section or from section one hundred and fifty....").

66.     Further, any such alleged term that would effect a forfeiture would be contrary to the Supreme Judicial Court's ruling in *Crocker v. Townsend Oil Co.*, 464 Mass. 1 (2012) (opining that the Wage Act's "special contract" provision "generally prohibit[s] an employer from deducting, or withholding payment of, any earned wages [and] **cannot be overcome by an employee's assent**, both because §148 makes the special contract prohibition unconditional and for reasons of public policy.") (emphasis added).

67.     Ms. DeBoever exhausted all administrative remedies and received a notice of right to sue from Attorney General's Fair Labor Division on October 21, 2019.

68.     Defendant's violations of M.G.L. c. 149 § 148 were willful and intentional.

69.     Defendant's failure to pay Plaintiff for these activities violates the Massachusetts Wage Act, M.G.L. c. 151 §§ 1A, *et seq.*

70.     Pursuant to the Wage Act, Ms. DeBoever is further entitled to her costs and attorneys' fees incurred if she is successful in prosecuting an action for her unpaid wages, treble damages, penalties, and interest.

### COUNT IV
### Breach of the Covenant of Good Faith and Fair Dealing

71.     Plaintiff incorporates the proceeding paragraphs of the Complaint in their entirety as if specifically alleged herein.

12



72.     Implied in every contract is a covenant of good faith and fair dealing. The covenant is breached when a party acts in a manner that deprives the other party of the right to receive benefits under their agreement.

73.     Ms. DeBoever had a contract with Mellon regarding payment of deferred compensation.

74.     Ms. DeBoever earned the deferred compensation on account of her work for the years 2016, 2017, and 2018.

75.     Ms. DeBoever's employment with Mellon ended on good terms in 2019, relying on the fact that she would receive the deferred compensation.

76.     Only after Ms. DeBoever's employment with Mellon ended in 2019 was she informed that the deferred wages were subject to an alleged document, a Long-Term Incentive Cash Award Plan, that allegedly provides for a three-year vesting schedule -- which is a document that Ms. DeBoever, upon information and belief, never received from Mellon.

77.     Mellon's acts and omissions comprise a breach of the covenant of good faith and fair dealing by, without limitation, failing to inform Ms. DeBoever about alleged terms related to the deferred compensation that Ms. DeBoever earned for the years 2016, 2017, and 2018, and abusing its ability to specify terms related to the deferred compensation to the extent that Mellon may have been contractually permitted to do so.

78.     Ms. DeBoever has been harmed by Defendant's breach by not receiving her deferred compensation for the years 2016, 2017, and 2018 in an amount to be determined at trial.

### COUNT V
### Unjust Enrichment

79.     Plaintiff restates the allegations contained in the paragraphs above as if fully set forth herein.

A TRUE COPY, ATTEST

DEPUTY ASST. CLERK

80. Defendant has been unjustly enriched at the expense of Ms. DeBoever.

81. By failing to pay Ms. DeBoever her earned deferred compensation, Defendant is unjustly enriched by retaining the benefit of the monies to which Defendant is not entitled.

82. But for Defendant's non-payment of Ms. DeBoever's deferred compensation, Ms. DeBoever would have benefitted financially, among other things, being able to invest or use approximately $376,200.00 in cash deferred compensation and additional equity deferred compensation that she has not received from Mellon.

83. As a direct result of the foregoing actions, Ms. DeBoever has suffered damages in an amount to be determined at trial.

## COUNT VI
### Negligent Misrepresentation

84. Plaintiff restates the allegations contained in the paragraphs above as if fully set forth herein.

85. Mellon had a duty to impart full and correct information to Ms. DeBoever in connection with the earned and vested 2016 Deferred Compensation, 2017 Deferred Compensation, and 2018 Deferred Compensation, as Mellon possesses unique and specialized expertise regarding information related to its company and its compensation plans, and occupies a special position of trust and confidence.

86. Upon information and belief, Mellon supplied false information, or omitted to provide material information, to Ms. DeBoever in connection with her deferred compensation for the years 2016, 2017, and 2018, including, but not limited to, misrepresenting or omitting to disclose the terms and conditions related to the payment terms of the deferred compensation upon termination of employment.

14



A TRUE COPY, ATTEST

DEPUTY ASS'T. CLERK

87.     Upon information and belief, Mellon failed to exercise reasonable care or competence in obtaining or communicating, or failing to communicate, the information to Ms. DeBoever.

88.     Ms. DeBoever reasonably relied upon the information provided by Mellon.

89.     As a direct and proximate result of Mellon's misrepresentations, Ms. DeBoever has suffered damages in an amount to be proven at trial, including, without limitation, punitive and exemplary damages.

## COUNT VII
### Declaratory Judgment

90.     Plaintiff restates the allegations contained in the paragraphs above as if fully set forth herein.

91.     Ms. DeBoever seeks a judgment pursuant to the Massachusetts declaratory judgment law, M.G.L. c. 231A § 1, declaring that:

  a.  Ms. DeBoever is entitled to the 2016 Deferred Compensation, 2017 Deferred Compensation, and 2018 Deferred Compensation, as defined herein; and

  b.  The terms of the Long-Term Incentive Cash Award Plan are inapplicable to Ms. DeBoever, at least insofar as they would purport to divest her of the 2016 Deferred Compensation, 2017 Deferred Compensation, and 2018 Deferred Compensation, or otherwise preclude the same from having vested fully in Ms. DeBoever.

92.     There is an actual controversy on this issue as Mellon has alleged that Ms. DeBoever forfeited the 2016 Deferred Compensation, 2017 Deferred Compensation, and 2018 Deferred Compensation pursuant to the Long-Term Incentive Cash Award Plan.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Connie Fang DeBoever prays that this Court grant her the following relief:

1.  That judgment is entered on behalf of Ms. DeBoever on all Counts in her Complaint;

15

A TRUE COPY, ATTEST

DEPUTY ASS'T. CLERK

2.  Declaring that Defendant has breached its employment agreement with Ms. DeBoever with respect to the payment of deferred compensation;

3.  Declaring that Defendant has breached its employment agreement with Ms. DeBoever with respect to the failure to provide terms and conditions;

4.  Declaring that Defendant violated the Massachusetts Wage Act;

5.  Awarding Ms. DeBoever unpaid deferred compensation;

6.  Awarding Ms. DeBoever her costs and disbursements of this suit, including, but not limited to, pre-judgment and post-judgment interest, reasonable attorneys' fees, or any other fees;

7.  Awarding Ms. DeBoever treble damages under the Massachusetts Wage Act;

8.  Awarding Ms. DeBoever punitive and exemplary damages; and

9.  That the Court grant Plaintiff such other and further relief as it considers just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims so triable.

[SIGNATURE APPEARS ON THE FOLLOWING PAGE]

16



A TRUE COPY, ATTEST

DEPUTY ASS'T CLERK

Respectfully Submitted,

**CONNIE FANG DEBOEVER**

By her attorneys,

By: *Colin Hagan* /ETM with permission
Colin R. Hagan, BBO No. 684798
David J. Shlansky, BBO No. 565321
SHLANSKY LAW GROUP, LLP
1 Winnisimmet St.
Chelsea, MA 02150
Phone: (617) 497-7200
Fax:    (866) 257-9530
E-mail: Colin.Hagan@slglawfirm.com
        David.Shlansky@slglawfirm.com

Dated: November 6, 2019

FILED
IN THE SUPERIOR COURT
FOR THE COUNTY OF ESSEX

NOV 13 2019

CLERK

17

A TRUE COPY, ATTEST

DEPUTY ASS'T CLERK

COMMONWEALTH OF MASSACHUSETTS

ESSEX COUNTY s.s.                                                SUPERIOR COURT

|  |  |
|---|---|
| CONNIE FANG DEBOEVER ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. _____ |
| v. ) | |
| ) | **DEMAND FOR JURY TRIAL** |
| MELLON INVESTMENTS ) | |
| CORPORATION, itself and as ) | |
| successor-in-interest to each of ) | |
| TBC ASSET MANAGEMENT, LLC; ) | |
| THE BOSTON COMPANY ) | COPY |
| ASSET MANAGEMENT, LLC; ) | |
| BNY MELLON ASSET MANAGEMENT ) | |
| NORTH AMERICA CORPORATION; ) | FILED |
| and BNY MELLON AMNA ) | IN THE SUPERIOR COURT |
| ) | FOR THE COUNTY OF ESSEX |
| Defendants. ) | |
| | NOV 1 2 2019 |
| | Thomas H. Driscoll Jr. |
| | CLERK |

**COMPLAINT**

Plaintiff Connie Fang DeBoever ("Ms. DeBoever" or "Plaintiff"), for her Complaint

against Defendant Mellon Investments Corporation, itself and as the successor-in-interest to each

of TBC Asset Management, LLC; The Boston Company Asset Management, LLC; BNY Mellon

Asset Management North America Corporation; and BNY Mellon AMNA[1] ("Defendant" or

"Mellon"), upon personal knowledge with respect to Plaintiff and her own acts, upon

information and belief as to all other matters, and with the belief that all matters alleged herein

---

[1] Upon information and belief, each of the foregoing entities has been acquired by, changed its name to, or merged into Mellon Investments Corporation. As alleged herein, Plaintiff was employed by each of the foregoing entities at different times during her employment with Mellon. Plaintiff reserves her rights to pursue her claims against any of the foregoing entities to the extent that any such entities may maintain a business or corporate existence separate from Mellon Investments Corporation.



A TRUE COPY, ATTEST

DEPUTY ASS'T CLERK

will have evidentiary support after reasonable opportunity for further investigation and discovery, states as follows:

## INTRODUCTION

1.    This action arises out of Defendant's failure to pay Ms. DeBoever, who was formerly employed by Mellon, deferred compensation that constitute wages, in accordance with the Massachusetts wage laws, M.G.L. c. 149, §§ 148 and 150; M.G.L. c. 151, §§ 1A and 1B, in violation M.G.L. c. 151, §§ 1A and 1B.

2.    Mellon is a multi-asset investment company.

3.    Mellon hired Ms. DeBoever as an employee on or about September 2002.

4.    For Ms. DeBoever's employment for the full calendar years of 2016, 2017, and 2018, Ms. DeBoever earned deferred compensation comprising deferred cash compensation and deferred equity compensation, which deferred compensation was granted and awarded by Mellon each February for the prior year of Ms. DeBoever's services.

5.    Ms. DeBoever was an exemplary employee of Mellon for nearly 17 years until her separation of employment in July 2019.

6.    Ms. DeBoever understood that the deferred compensation for the years of 2016, 2017, and 2018 was earned and vested immediately upon Mellon's notifications that she was entitled to and granted such deferred compensation, and would be payable immediately upon her termination of employment.

7.    Defendant has willfully and intentionally refused to provide Ms. DeBoever with the deferred compensation after her separation of employment, claiming that she was no longer entitled to it as she was no longer employed by Mellon, and that it was somehow forfeited pursuant to alleged agreements and documents that, upon information and belief, were not

2


A TRUE COPY, ATTEST
DEPUTY ASST. CLERK

provided to Ms. DeBoever during her employment, and were still not provided by Mellon subsequent to her separation of employment, after repeated requests.

8.    Ms. DeBoever brings this action seeking full payment of the deferred compensation for the years 2016, 2017, and 2018, including all deferred cash and deferred equity compensation that she has been deprived of, plus interest, damages, pre-judgment and post-judgment interest, attorneys' fees, and costs. Ms. DeBoever also seeks treble damages for Defendant's violations of applicable labor laws.

### PARTIES

9.    Plaintiff Connie Fang DeBoever is a natural person residing at 61 Phillips Beach Avenue, Swampscott, Massachusetts 01907.

10.    Upon information and belief, Defendant Mellon Investments Corporation is a Delaware corporation with a business address of one Boston Place, Boston, Massachusetts 02108.

11.    Upon information and belief, TBC Asset Management, LLC, is or was a Delaware limited liability company.  Upon information and belief, Mellon Investment Corporation is the successor-in-interest to TBC Asset Management, LLC.

12.    Upon information and belief, The Boston Company Asset Management, LLC, is or was a Delaware limited liability company.  Upon information and belief, Mellon Investment Corporation is the successor-in-interest to The Boston Company Asset Management, LLC.

13.    Upon information and belief, BNY Mellon Asset Management North America Corporation is or was a Delaware corporation.  Upon information and belief, Mellon Investment Corporation is the successor-in-interest to BNY Mellon Asset Management North America Corporation.


A TRUE COPY, ATTEST
DEPUTY ASS'T. CLERK

3

14.     Upon information and belief, BNY Mellon AMNA is or was an incorporated business entity and a fictious or assumed business name used by BNY Mellon Asset Management North America Corporation.

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction over the Defendant pursuant to M.G.L. c. 212, § 3, because this is a civil action seeking relief in excess of $25,000.00.

16.     This Court has personal jurisdiction over the Defendant pursuant to M.G.L. c. 223A, § 3 because the contract at issue was executed and delivered in the Commonwealth of Massachusetts, the Defendant's actions caused harm to Plaintiff in the Commonwealth of Massachusetts, and because Defendant transacts business in the Commonwealth of Massachusetts.

17.     Venue is properly laid in this Court pursuant to M.G.L. c. 223, § 1, because Plaintiff resides in Swampscott, Massachusetts.

## FACTUAL ALLEGATIONS

18.     Ms. DeBoever was hired by Mellon on or about September 2002.

19.     For the year 2016, Mellon provided an IRS Form W-2 to Ms. DeBoever with the employer name listed as "TBC Asset Management, LLC."

20.     Upon information and belief, and pursuant to such 2016 Form W-2, TBC Asset Management, LLC, was Ms. DeBoever's employer for the calendar year 2016.

21.     On or about February 2017, Mellon awarded and agreed to provide Ms. DeBoever with deferred compensation for the calendar year 2016 consisting of deferred cash compensation totaling $106,200.00 and deferred equity compensation in two categories: (i) "TBCAM Def Cash Invst [sic]" valued at $84,960.00; and (ii) "TBC LTIP – BNYM RSUs" valued at $21,240.00

4

A TRUE COPY, ATTEST

DEPUTY ASS'T. CLERK

(the "2016 Deferred Compensation"). The 2016 Deferred Compensation was granted and earned by Ms. DeBoever on account of her services provided to Mellon in 2016. In fact, Mellon referred to the February 2017 date upon which Mellon notified Ms. DeBoever that she had earned the 2016 Deferred Compensation as the "Payment Date" for the cash portion of the 2016 Deferred Compensation.

22.     On or about February 2017, in connection with the grant of the 2016 Deferred Compensation, Mellon represented and agreed to provide Ms. DeBoever with the details of the deferred compensation, including any applicable terms and conditions, and represented and agreed that such details would be made available to Ms. DeBoever shortly.

23.     For the year 2017, Mellon provided an IRS Form W-2 to Ms. DeBoever with the employer name listed as "The Boston Co. Asset Management, LLC."

24.     Upon information and belief, and pursuant to such 2017 Form W-2, The Boston Company Asset Management, LLC was Ms. DeBoever's employer for the calendar year 2017.[2]

25.     On or about February 2018, Mellon awarded and agreed to provide Ms. DeBoever with deferred compensation for the calendar year 2017 consisting of deferred cash compensation totaling $126,000.00 and deferred equity compensation in two categories: (i) "AMNA Equity Plan" valued at $88,200.00; and (ii) "AMNA Def Cash Invst [sic]" valued at $37,800.00 (the "2017 Deferred Compensation"). The 2017 Deferred Compensation was granted and earned by Ms. DeBoever on account of her services provided to Mellon in 2017. In fact, Mellon referred to the February 2018 date upon which Mellon notified Ms. DeBoever that she had earned the 2017 Deferred Compensation as the "Payment Date" for the cash portion of the 2017 Deferred Compensation.

---

[2] Upon information and belief, TBC Asset Management and The Boston Co. Asset Management may have been the same entity.



A TRUE COPY, ATTEST

DEPUTY ASS'T. CLERK

26.     On or about February 2018, in connection with the grant of the 2017 Deferred Compensation, Mellon represented and agreed to provide Ms. DeBoever with the details of the deferred compensation, including any applicable terms and conditions, and represented and agreed that such details would be made available to Ms. DeBoever shortly.

27.     For the year 2018, Mellon provided a Form W-2 to Ms. DeBoever with the employer name listed as "BNY Mellon AMNA."

28.     Upon information and belief, and pursuant to such 2018 Form W-2, BNY Mellon Asset Management North America Corporation, doing business as BNY Mellon AMNA, was Ms. DeBoever's employer for the calendar year 2018.

29.     On or about February 2019, Mellon awarded and agreed to provide Ms. DeBoever with deferred compensation for the calendar year 2018 consisting of deferred cash compensation totaling $144,000.00 and deferred equity compensation in two categories: (i) "Mellon BNYM RSUs" valued at $36,000.00; and (ii) "Mellon Deferred Cash Invst [sic]" valued at $108,000.00 (the "2018 Deferred Compensation"). The 2018 Deferred Compensation was granted and earned by Ms. DeBoever on account of her services provided to Mellon in 2017. In fact, Mellon referred to the February 2019 date upon which Mellon notified Ms. DeBoever that she had earned the 2018 Deferred Compensation as the "Payment Date" for the cash portion of the 2018 Deferred Compensation.

30.     On or about February 2019, in connection with the grant of the 2018 Deferred Compensation, Mellon represented and agreed to provide Ms. DeBoever with the details of the deferred compensation, including any applicable terms and conditions, and represented and agreed that such details would be made available to Ms. DeBoever shortly.



31.     In an investment company like Mellon, the type of deferred compensation that was promised to Ms. DeBoever often functions like a commission, including that it is an anticipated component of an employee's overall compensation.

32.     After nearly 17 years of service to Mellon, Ms. DeBoever's employment with Mellon ended in July 2019 on amicable terms with Ms. DeBoever agreeing to continue her employment to assist Mellon with her transition.

33.     At all times, Ms. DeBoever understood that the 2016 Deferred Compensation, 2017 Deferred Compensation, and 2018 Deferred Compensation was compensation for past work performed, would be payable to her upon her termination, and would not be forfeited.

34.     For instance, Mellon's Exiting Employee Information Guide (the "Employee Guide") indicates that deferred cash compensation is payable after an employee leaves Mellon.

35.     Specifically, the Employee Guide states of inventive compensation or commissions as follows: "[a]fter you leave [ ] Mellon, any incentive or commission you are eligible to receive, that is not included in your final pay will be paid to you in the form of a check."

36.     However, after Ms. DeBoever's employment with Mellon ended in July 2019, Mellon refused to provide her with any portion of her deferred cash compensation for 2016, 2017, and 2018.

37.     Mellon took the position that Ms. DeBoever's deferred cash compensation for 2016, 2017, and 2018 was subject to a three-year vesting cliff pursuant to a Long-Term Incentive Cash Award Plan.

38.     Upon information and belief, Ms. DeBoever never received any documentation of the supposed three-year vesting cliff on account of her deferred cash compensation for 2016,

7



A TRUE COPY, ATTEST

DEPUTY ASS'T CLERK

2017, and 2018, nor did she receive from Mellon a copy of the supposed Long-Term Incentive Cash Award Plan.

39.     The documents that Mellon previously provided to Ms. DeBoever regarding the terms of the deferred cash compensation provided very different terms, including that the deferred cash compensation was earned and vested as of the grant date that Mellon awarded the deferred cash compensation to Ms. DeBoever (i.e., each February for the preceding year).

40.     In addition, other than a partial payment on account of Ms. DeBoever's deferred equity compensation for the year 2016, Mellon has refused to pay or issue the remainder of Ms. DeBoever's deferred equity for the years 2016, 2017, and 2018.

41.     Mellon has taken the position that Ms. DeBoever allegedly agreed electronically to certain terms related to her deferred equity compensation for the years 2016, 2017, and 2018 that allegedly allow for Ms. DeBoever's deferred equity compensation to be forfeited upon her separation of employment from Mellon.

42.     Ms. DeBoever disagrees that she provided knowing and binding consent to such terms. Any alleged consent to such terms, made electronically, was not binding. Any such alleged terms are also contrary to Massachusetts law.

43.     In addition, upon information and belief, Ms. DeBoever did not receive all of the documentation regarding such deferred equity compensation that Mellon agreed to provide to Ms. DeBoever shortly upon receipt of such deferred equity compensation for the years 2016, 2017, and 2018.

44.     Subsequent to her separation of employment, Ms. DeBoever has requested from Mellon all of the alleged agreements and documents that Mellon claims to be relevant to her deferred compensation for the years 2016, 2017, and 2018. Upon information and belief, Mellon

8


A TRUE COPY, ATTEST
DEPUTY ASS'T. CLERK

has failed to provide all such documentation, after repeated requests by Ms. DeBoever for

Mellon to provide the documentation.

## CAUSES OF ACTION

### COUNT I
### Breach of Contract – Nonpayment of Deferred Compensation (Cash and Equity)

45.     Plaintiff restates the allegations contained in the paragraphs above as if fully set

forth herein.

46.     Ms. DeBoever had an agreement with Mellon pursuant to which Ms. DeBoever

performed services for Mellon in exchange for compensation for her services, including, but not

limited to, deferred compensation.

47.     Such agreement constituted a valid and binding contract between the parties.

48.     Ms. DeBoever performed all of her obligations pursuant to the contract between

the parties by providing her services to Mellon for the calendar years 2016, 2017, and 2018.

49.     On account of Ms. DeBoever's services for the calendar years 2016, 2017, and

2018, Mellon agreed to provide Ms. DeBoever with the earned and vested 2016 Deferred

Compensation, 2017 Deferred Compensation, and 2018 Deferred Compensation.

50.     Upon the termination of her employment, Ms. DeBoever was and is entitled to the

earned and vested 2016 Deferred Compensation, 2017 Deferred Compensation, and 2018

Deferred Compensation, including, but not limited to, her deferred cash compensation that is

payable at the time of her termination by check.

51.     In each of 2016, 2017, and 2018, Ms. DeBoever was induced to continue working

for Mellon based on Mellon's representations regarding the 2016 Deferred Compensation, 2017

Deferred Compensation, and 2018 Deferred Compensation that she had earned and in which she

understood that she had vested.

9


A TRUE COPY ATTEST

DEPUTY ASS'T. CLERK

52. Mellon has breached its contract with Ms. DeBoever by failing to pay all deferred compensation owed, and claiming that the unpaid deferred compensation has been forfeited upon Ms. DeBoever's termination of employment. This is contrary to the parties' contract.

53. As a result of Mellon's breach of its contractual obligations, Ms. DeBoever has sustained damages in an amount to be determined at trial.

**COUNT II**
**Breach of Contract – Failure to Provide Additional Terms and Conditions**

54. Plaintiff restates the allegations contained in the paragraphs above as if fully set forth herein.

55. In conjunction with Ms. DeBoever's receipt and notification of the 2016 Deferred Compensation, 2017 Deferred Compensation, and 2018 Deferred Compensation, Mellon represented and agreed that Mellon would provide Ms. DeBoever with the details of the deferred compensation, including any applicable terms and conditions, and represented and agreed that such details would be made available to Ms. DeBoever shortly.

56. Upon information and belief, Mellon is now relying upon certain documents that were never provided by Mellon to Ms. DeBoever for its incorrect position that Ms. DeBoever's earned and vested 2016 Deferred Compensation, 2017 Deferred Compensation, and 2018 Deferred Compensation was somehow forfeited upon her termination of employment.

57. Upon information and belief, Ms. DeBoever was not provided with these or other alleged documents specific to the 2016 Deferred Compensation, 2017 Deferred Compensation, and 2018 Deferred Compensation.

58. In addition, upon information and belief, not only did Ms. DeBoever not receive such documents, but she did not receive such documents *shortly* after being awarded her earned

10

and vested 2016 Deferred Compensation, 2017 Deferred Compensation, and 2018 Deferred Compensation, which Mellon represented and agreed that it would do for each such year.

59.     Upon information and belief, the documents that Ms. DeBoever did receive did not provide that the deferred cash compensation is subject to a three-year cliff, or any other vesting schedule.

60.     As a result of Defendant's breach of its contractual obligations to provide any details regarding the terms and conditions of her deferred compensation as well as to provide access to such terms and conditions shortly upon notifying Ms. DeBoever regarding the amounts of her deferred compensation for the years 2016, 2017, and 2018, Ms. DeBoever has sustained damages in an amount to be determined at trial.

**COUNT III**
**Violation of the Massachusetts Wage Act – Failure to Pay Wages**

61.     Plaintiff restates the allegations contained in the paragraphs above as if fully set forth herein.

62.     Incentive awards are considered wages under the Wage Act where they are due and payable and arithmetically determinable, as is the case here. *See Levesque v. Schroder Inv. Mgmt. N. Am., Inc.*, 368 F. Supp. 3d 302, 313 (D. Mass. 2019).

63.     Ms. DeBoever's deferred compensation was due and payable upon the termination of her employment in July 2019.

64.     Ms. DeBoever's deferred compensation constitutes "wages" under the Wage Act. *See Dobin v. CIOview Corp.*, No. CIV.A. 2001-00108, 2003 WL 22454602, at *5 (Mass. Super. Oct. 29, 2003) (deferred compensation was considered "wages" for purposes of the Wage Act where it was earned due to an employee's continued work for a period of time, but paid after).

11



A TRUE COPY, ATTEST

DEPUTY ASS'T. CLERK

65.     Any alleged terms and conditions that would permit a forfeiture of Ms. DeBoever's cash and equity compensation would constitute an impermissible "special contract" under the Wage Act. *See* M.G.L. c. 149, §148 ("[n]o person shall by a special contract with an employee or by any other means exempt himself from this section or from section one hundred and fifty....").

66.     Further, any such alleged term that would effect a forfeiture would be contrary to the Supreme Judicial Court's ruling in *Crocker v. Townsend Oil Co.*, 464 Mass. 1 (2012) (opining that the Wage Act's "special contract" provision "generally prohibit[s] an employer from deducting, or withholding payment of, any earned wages [and] **cannot be overcome by an employee's assent**, both because §148 makes the special contract prohibition unconditional and for reasons of public policy.") (emphasis added).

67.     Ms. DeBoever exhausted all administrative remedies and received a notice of right to sue from Attorney General's Fair Labor Division on October 21, 2019.

68.     Defendant's violations of M.G.L. c. 149 § 148 were willful and intentional.

69.     Defendant's failure to pay Plaintiff for these activities violates the Massachusetts Wage Act, M.G.L. c. 151 §§ 1A, *et seq.*

70.     Pursuant to the Wage Act, Ms. DeBoever is further entitled to her costs and attorneys' fees incurred if she is successful in prosecuting an action for her unpaid wages, treble damages, penalties, and interest.

**COUNT IV**
**Breach of the Covenant of Good Faith and Fair Dealing**

71.     Plaintiff incorporates the proceeding paragraphs of the Complaint in their entirety as if specifically alleged herein.

12



A TRUE COPY, ATTEST

72.     Implied in every contract is a covenant of good faith and fair dealing.  The covenant is breached when a party acts in a manner that deprives the other party of the right to receive benefits under their agreement.

73.     Ms. DeBoever had a contract with Mellon regarding payment of deferred compensation.

74.     Ms. DeBoever earned the deferred compensation on account of her work for the years 2016, 2017, and 2018.

75.     Ms. DeBoever's employment with Mellon ended on good terms in 2019, relying on the fact that she would receive the deferred compensation.

76.     Only after Ms. DeBoever's employment with Mellon ended in 2019 was she informed that the deferred wages were subject to an alleged document, a Long-Term Incentive Cash Award Plan, that allegedly provides for a three-year vesting schedule – which is a document that Ms. DeBoever, upon information and belief, never received from Mellon.

77.     Mellon's acts and omissions comprise a breach of the covenant of good faith and fair dealing by, without limitation, failing to inform Ms. DeBoever about alleged terms related to the deferred compensation that Ms. DeBoever earned for the years 2016, 2017, and 2018, and abusing its ability to specify terms related to the deferred compensation to the extent that Mellon may have been contractually permitted to do so.

78.     Ms. DeBoever has been harmed by Defendant's breach by not receiving her deferred compensation for the years 2016, 2017, and 2018 in an amount to be determined at trial.

## COUNT V
## Unjust Enrichment

79.     Plaintiff restates the allegations contained in the paragraphs above as if fully set forth herein.

13



A TRUE COPY, ATTEST

DEPUTY ASS'T. CLERK

80.     Defendant has been unjustly enriched at the expense of Ms. DeBoever.

81.     By failing to pay Ms. DeBoever her earned deferred compensation, Defendant is unjustly enriched by retaining the benefit of the monies to which Defendant is not entitled.

82.     But for Defendant's non-payment of Ms. DeBoever's deferred compensation, Ms. DeBoever would have benefitted financially, among other things, being able to invest or use approximately $376,200.00 in cash deferred compensation and additional equity deferred compensation that she has not received from Mellon.

83.     As a direct result of the foregoing actions, Ms. DeBoever has suffered damages in an amount to be determined at trial.

### COUNT VI
### Negligent Misrepresentation

84.     Plaintiff restates the allegations contained in the paragraphs above as if fully set forth herein.

85.     Mellon had a duty to impart full and correct information to Ms. DeBoever in connection with the earned and vested 2016 Deferred Compensation, 2017 Deferred Compensation, and 2018 Deferred Compensation, as Mellon possesses unique and specialized expertise regarding information related to its company and its compensation plans, and occupies a special position of trust and confidence.

86.     Upon information and belief, Mellon supplied false information, or omitted to provide material information, to Ms. DeBoever in connection with her deferred compensation for the years 2016, 2017, and 2018, including, but not limited to, misrepresenting or omitting to disclose the terms and conditions related to the payment terms of the deferred compensation upon termination of employment.

14



TRUE COPY, ATTEST

DEPUTY ASS'T. CLERK

87.     Upon information and belief, Mellon failed to exercise reasonable care or

competence in obtaining or communicating, or failing to communicate, the information to Ms.

DeBoever.

88.     Ms. DeBoever reasonably relied upon the information provided by Mellon.

89.     As a direct and proximate result of Mellon's misrepresentations, Ms. DeBoever

has suffered damages in an amount to be proven at trial, including, without limitation, punitive

and exemplary damages.

**COUNT VII**
**Declaratory Judgment**

90.     Plaintiff restates the allegations contained in the paragraphs above as if fully set

forth herein.

91.     Ms. DeBoever seeks a judgment pursuant to the Massachusetts declaratory

judgment law, M.G.L. c. 231A § 1, declaring that:

       a.  Ms. DeBoever is entitled to the 2016 Deferred Compensation, 2017 Deferred
           Compensation, and 2018 Deferred Compensation, as defined herein; and

       b.  The terms of the Long-Term Incentive Cash Award Plan are inapplicable to
           Ms. DeBoever, at least insofar as they would purport to divest her of the 2016
           Deferred Compensation, 2017 Deferred Compensation, and 2018 Deferred
           Compensation, or otherwise preclude the same from having vested fully in
           Ms. DeBoever.

92.     There is an actual controversy on this issue as Mellon has alleged that Ms.

DeBoever forfeited the 2016 Deferred Compensation, 2017 Deferred Compensation, and 2018

Deferred Compensation pursuant to the Long-Term Incentive Cash Award Plan.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Connie Fang DeBoever prays that this Court grant her the

following relief:

    1.  That judgment is entered on behalf of Ms. DeBoever on all Counts in her Complaint;

15

A TRUE COPY, ATTEST

DEPUTY ASS'T. CLERK

2. Declaring that Defendant has breached its employment agreement with Ms. DeBoever with respect to the payment of deferred compensation;

3. Declaring that Defendant has breached its employment agreement with Ms. DeBoever with respect to the failure to provide terms and conditions;

4. Declaring that Defendant violated the Massachusetts Wage Act;

5. Awarding Ms. DeBoever unpaid deferred compensation;

6. Awarding Ms. DeBoever her costs and disbursements of this suit, including, but not limited to, pre-judgment and post-judgment interest, reasonable attorneys' fees, or any other fees;

7. Awarding Ms. DeBoever treble damages under the Massachusetts Wage Act;

8. Awarding Ms. DeBoever punitive and exemplary damages; and

9. That the Court grant Plaintiff such other and further relief as it considers just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims so triable.

[SIGNATURE APPEARS ON THE FOLLOWING PAGE]

A TRUE COPY, ATTEST
DEPUTY ASS'T. CLERK

16

Respectfully Submitted,

**CONNIE FANG DEBOEVER**

By her attorneys,


By: *Colin Hagan* /ETM with permission
Colin R. Hagan, BBO No. 684798
David J. Shlansky, BBO No. 565321
SHLANSKY LAW GROUP, LLP
1 Winnisimmet St.
Chelsea, MA 02150
Phone: (617) 497-7200
Fax:    (866) 257-9530
E-mail: Colin.Hagan@slglawfirm.com
        David.Shlansky@slglawfirm.com

Dated: November 6, 2019

FILED
IN THE SUPERIOR COURT
FOR THE COUNTY OF ESSEX

NOV 1 2 2019

CLERK

17

A TRUE COPY, ATTEST

DEPUTY ASS'T. CLERK

2

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 1977CV1551B | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| PLAINTIFF(S): | Connie Fang DeBoever | COUNTY |
|---|---|---|
| ADDRESS: | 61 Philips Beach Avenue, Swampscott, Massachusetts 01907 | Essex |

| DEFENDANT(S): | MELLON INVESTMENTS CORPORATION; TBC ASSET |
|---|---|
| | MANAGEMENT, LLC; THE BOSTON COMPANY ASSET MANAGEMENT, LLC; BNY |

| ATTORNEY: | Colin Hagan | MELLON ASSET MANAGEMENT NORTH AMERICA CORPORATION; BNY MELLON AMNA |
|---|---|---|
| ADDRESS: | Shlansky Law Group, LLP | ADDRESS: One Boston Place, Boston, Massachusetts 02108 |
| 1 Winnisimmet Street | | |
| Chelsea, MA 02150 | | |
| BBO: | #684798 | |

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A04 | Wage Act | F | ☒ YES      ☐ NO |

*If "Other" please describe:

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
    1. Total hospital expenses ............................................................ $ _____
    2. Total doctor expenses ............................................................. $ _____
    3. Total chiropractic expenses ..................................................... $ _____
    4. Total physical therapy expenses .............................................. $ _____
    5. Total other expenses (describe below) ...................... Subtotal (A): $ _____

FILED
IN THE SUPERIOR COURT
FOR THE COUNTY OF ESSEX

NOV 12 2019

*Thomas H. Driscoll*
CLERK

B. Documented lost wages and compensation to date ................................. $ _____
C. Documented property damages to dated ................................................ $ _____
D. Reasonably anticipated future medical and hospital expenses ................. $ _____
E. Reasonably anticipated lost wages ......................................................... $ _____
F. Other documented items of damages (describe below) ............................ $ _____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Plaintiff has not be paid what is owed to her under her employment contract with Defendants and in violation of the

Massachusetts Wage Act.

TOTAL (A-F):$

### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):
Defendants have failed to pay Plaintiff amounts owed to her under her employment contract with Defendants and in

violation of the Massachusetts Wage Act.

TOTAL: $    $376,200.00+

Signature of Attorney/Pro Se Plaintiff: X *Colin Hagan /ETM with permission*      Date: 11/6/19

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

N/A

## CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X *Colin Hagan /ETM with permission*      Date: 11/6/19

A TRUE COPY, ATTEST
*Jaime En*
DEPUTY ASS'T. CLERK

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                       SUPERIOR COURT
                                                 DEPARTMENT OF THE TRIAL
                                                 COURT

CONNIE FANG DEBOEVER                    )
                                        )
                  Plaintiff,            )
                                        )
            v.                          )
                                        )
MELLON INVESTMENTS CORPORATION,         )
itself and as successor-in-interest to each of TBC )
ASSET MANAGEMENT, LLC; THE BOSTON       )       Civil Action No. 1977-CV-01563-B
COMPANY ASSET MANAGEMENT, LLC;          )
BNY MELLON ASSET MANAGEMENT             )
NORTH AMERICA CORPORATION; and BNY      )
MELLON AMNA                             )
                                        )
                  Defendants.

**ASSENTED-TO MOTION TO ENLARGE TIME FOR DEFENDANTS
TO ANSWER, MOVE, OR OTHERWISE RESPOND TO COMPLAINT**

Pursuant to Mass. R. Civ. P. 6(b), Defendants Mellon Investments Corporation; TBC

Asset Management, LLC; the Boston Company Asset Management, LLC; BNY Mellon Asset

Management North America Corporation; and BNY Mellon AMNA ("Defendants"), with the

assent of Plaintiff, hereby move to extend Defendants' current deadline to answer, move, or

otherwise respond to the Complaint and Jury Demand (the "Complaint") to and including

February 5, 2020.

As grounds for this motion, Defendants state as follows:

1.       Plaintiff Connie Fang DeBoever ("Plaintiff") filed the Complaint on November 6,

2019.

2.       On December 16, 2019, Defendants were served with the Summons and

Complaint.

A TRUE COPY, ATTEST

DEPUTY ASS'T. CLERK

3.     Having been served on December 16, 2019, pursuant to Mass. R. Civ. P. 12(a)(1) and 6(d), Defendants' deadline to answer, move, or otherwise respond to the Complaint is January 6, 2020.

4.     Defendants seek an extension to and including February 5, 2020 to answer, move, or otherwise respond to the Complaint in order to provide sufficient time for Defendants' counsel to review the Complaint, investigate the factual allegations contained therein, and prepare their response.

5.     The parties have conferred and Plaintiff's counsel assents to the extension requested herein.

6.     This is the first extension that Defendants have sought in this action.

WHEREFORE, Defendants respectfully request that the Court grant this assented-to motion and extend Defendants' deadline to answer, move, or otherwise respond to the Complaint to and including February 5, 2020.

Dated: December 31, 2019

Respectfully submitted,

MORGAN LEWIS & BOCKIUS LLP

By: /s/ Keri L. Engelman
        Keri L. Engelman (BBO #704360)
        One Federal Street
        Boston, MA 02110
        Telephone: 617.341.7828
        Facsimile: 617.341.7701
        keri.engelman@morganlewis.com

        David A. McManus (BBO# 569525)
        101 Park Avenue
        New York, NY 10178
        Telephone: 212.309.6824
        Facsimile: 212.309.6001
        david.mcmanus@morganlewis.com

*Attorneys for Defendants*

2019 DEC 31  P 2: 35

ESSEX SUPERIOR COURT
FILED

A TRUE COPY, ATTEST

DEPUTY ASS'T. CLERK

2

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by electronic and first class mail on December 31, 2019.

Keri L. Engelman (BBO)

2019 DEC 31 P 2:35
ESSEX SUPERIOR COURT
FILED

A TRUE COPY, ATTEST

DEPUTY ASS'T. CLERK

3

# Morgan Lewis

**Sarah Butson**
Associate
+1.617.341.7277
sarah.butson@morganlewis.com

December 31, 2019

**BY HAND**

Thomas H. Driscoll, Jr.
Clerk of Courts
Essex County Superior Court - Newburyport
145 High Street
Newburyport, MA  01950

Re:    <u>Connie Fang DeBoever v. Mellon Investments Corporation, et al. - 1977-CV-01551-B</u>

Dear Mr. Driscoll:

Please find enclosed Defendants' Assented-To Motion to Enlarge Deadlines to Answer, Move, or Otherwise Respond to Complaint for purposes of filing the motion with this court for the above-captioned matter.

Please contact me with any questions or concerns.

Sincerely,

*Sarah Butson*

Sarah Butson

SB/nev
Enclosure

A TRUE COPY, ATTEST

DEPUTY ASS'T. CLERK

FILED
ESSEX SUPERIOR COURT
2019 DEC 31 P 2 35

**Morgan, Lewis & Bockius LLP**

One Federal Street
Boston, MA  02110-1726
United States

☎ +1.617.341.7700
🖷 +1.617.341.7701

DB1/ 110682615.1