| | |
|---|---|
| CONNIE FANG DEBOEVER<br><br>Plaintiff,<br><br>v.<br><br>MELLON INVESTMENTS CORPORATION, itself and as successor-in-interest to each of TBC ASSET MANAGEMENT, LLC; THE BOSTON COMPANY ASSET MANAGEMENT, LLC; BNY MELLON ASSET MANAGEMENT NORTH AMERICA CORPORATION; and BNY MELLON AMNA<br><br>Defendants. | Civil Action No.: 1:20-cv-10078 |

# **CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26(c), the parties (each a "Party," and together, the "Parties") to this litigation (the "Litigation"), by their counsel of record, stipulate and move the Court for the entry of a Confidentiality Stipulation and Protective Order (the "Stipulation") in the above-captioned matter concerning the treatment of Confidential Material,

Good cause appearing therefore, IT IS HEREBY ORDERED as follows:

This Order shall govern all documents and other information in whatever form marked "Confidential" (hereinafter collectively "Confidential Material"), produced or disclosed by a party or non-party witness in this Litigation for purposes of discovery or otherwise. No Confidential Material produced by any party, or the contents thereof, shall be used by or on behalf of the Receiving Party or anyone else having access thereto for any proceeding, business purposes or for any purpose other than this Litigation, except as set forth in this Order.

1. <u>Designation of "Confidential Material."</u>

   a) "Confidential Material" means discovery materials that a Party produces in this Litigation, whether or not pursuant to a formal request, including documents and things, answers to interrogatories, responses to requests for production, responses to requests for admission, deposition exhibits, and transcripts of depositions or hearings (or portions of such transcripts) (collectively, "Discovery Material"), which the Producing Party designates as "Confidential" by affixing a legend thereto indicating the same, to the extent that the Party believes in good faith that such Discovery Material is confidential because it contains non-public, confidential or proprietary information that requires the protections provided in this Stipulation and Order.

   b) "Confidential Material" includes any notes, work papers, or other documents or materials derived from or based upon such Discovery Material as has been identified under Paragraph 1(a) above as "Confidential Material" and all copies, portions, summaries, and abstracts thereof.

   c) "Producing Party" means the parties to this Litigation and any non-parties producing Confidential Material in connection with document production, depositions, the hearing, or otherwise in this Litigation.

   d) "Receiving Party" means the parties to this Litigation and any non-parties, including but not limited to the persons identified in Paragraph 2 below, receiving Confidential Material in connection with document production, depositions, the hearing, or otherwise in this Litigation.

e) The obligations of this Stipulation and Order shall continue in effect after the conclusion of the Litigation, including any appeals, and the Confidential Material shall be maintained in confidence by the counsel and Party to whom such materials are produced or given; shall not be used for any business, commercial, competitive, personal, or other purpose. Confidential Material shall be used only for the Litigation, including any appeals, and shall not be disclosed or provided to any person except the following Qualified Persons:

2. "Qualified Persons," as used herein means:

a) The parties to the Litigation, their affiliates or representatives, and the directors, officers, and employees of the parties and affiliates, and their attorneys of record, including the respective partners, of counsel, associates, and employees of such attorneys to whom it is necessary that the Confidential Material be shown for purposes of this Litigation;

b) Third parties retained to assist the attorneys of record or a party in copying or computer coding of documents, organizing, filing, translating converting, storing, or retrieving data, or designing programs for handling data connected with the Litigation, including the performance of such duties in relation to a computerized litigation support system, but only for purposes of performing such services in connection with the Litigation;

c) Experts, investigators, and consultants (including their respective employees, associates, and/or support staff) retained by a party for the preparation of hearing/trial of the Litigation who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d) Actual deponents and witnesses at the trial in the Litigation and their counsel, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

e) The Court and all Court personnel; and

f) court reporters (including stenographers and video technicians) engaged by counsel of record to record, transcribe, or videotape testimony in this Litigation, and copy services, data entry, and computer support services engaged by counsel of record who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

3. Before any person listed in Paragraph 2(c) or 2(d) may be shown any Confidential Material, counsel for the Party disclosing the Confidential Material shall give a copy of this Stipulation and Order to that person and shall obtain the written agreement of that person attached as Exhibit A that he or she will be bound by the terms hereof.

4. Challenge to Designation. This Stipulation and Order is without prejudice to the right of any Party to contest a designation of Confidential Material as inappropriate. In the event that a Receiving Party believes that certain material has been improperly so designated, it may communicate that fact to counsel for the Producing Party by identifying the material at issue and the reason for the objection in writing within thirty (30) days of receipt of such documents, and the Parties shall confer in good faith to resolve any disputes within fourteen (14) days arising under this Stipulation and Order. No application challenging the designation of Confidential Material shall be made to the Court to resolve such disputes until after counsel have conferred in good faith, and any application to the Court must be made within thirty (30) days of the service of the objection. The burden of persuasion in any such challenge shall be on the Party designating the Confidential Material. All Confidential Material at issue shall be treated as "Confidential Material" under the terms of this Stipulation and Order until the Court rules otherwise.

5. Confidential Material disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, or independent experts retained by counsel for

the purpose of the Litigation, or (b) the deposition of a third party (which pertains to Confidential Material) may be designated by any party as Confidential Material by indicating on the record at the deposition that the testimony is "Confidential" and is subject to the provisions of this Stipulation and Order. Any party may also designate information disclosed at such depositions as Confidential Material by advising the reporter and all parties of such fact on the record during the deposition or in writing within thirty (30) days after the final deposition transcript was sent by the court reporter to counsel for the designated party or person of the specific pages and lines of the transcript that should be treated as Confidential Material thereafter. Prior to the expiration of that 30-day period (or until a designation is made by counsel, if such designation is made in a shorter period of time), all such deposition testimony shall be treated as Confidential Material.

6. <u>Filing Under Seal</u>. Parties shall not include Confidential Material in documents filed in any court, except as provided by such relevant rules addressing the sealing or impounding of documents filed with the relevant court.

    a) Confidential Material shall be restricted in circulation to Qualified Persons described in Paragraph 2 above.

    b) Copies of Confidential Material produced under this Stipulation and Order may be made or exhibits prepared by independent copy services, printers, or illustrators-only for purposes of the Litigation.

7. Nothing herein shall prevent disclosure beyond the terms of this Stipulation and Order if each party consents to such disclosure or if the Court, after notice, orders such disclosures or if such disclosure is required by law or in response to lawful court order, subpoena, or other lawful process. If a Receiving Party is called upon to produce Confidential Material in order to comply with a court order, subpoena, or other direction by a court, administrative agency, or

legislative body, or any other legal requirement, the Receiving Party from which the Confidential Material is sought shall give written notice by overnight mail and either email or facsimile to the counsel for the Producing Party within three (3) business days of the receipt of such order, subpoena, or direction (or within three (3) business days of the date when the Receiving Party learned of any other legal requirement to disclose Confidential Material), and the Producing Party reserves all rights to dispute that disclosure of such Confidential Material with the requesting body. Notwithstanding the foregoing, nothing in this paragraph shall be construed as requiring any Producing Party or Receiving Party to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body, or to subject itself to any penalties for noncompliance with any other legal requirement.

8. Counsel for the parties shall make reasonable efforts to prevent unauthorized disclosure of documents designated as "Confidential" pursuant to the terms of this Stipulation. Counsel shall maintain a copy of the forms signed by persons acknowledging their obligations under this Stipulation for a period of six (6) years from the date of signing.

9. The parties may, by stipulation, provide for exceptions to this Stipulation and Order, and any party may seek an order of the Court modifying this Stipulation and Order.

10. Unless otherwise agreed to in writing by the parties or ordered by the Court in any underlying Litigation, any Confidential Material used in the Litigation shall be subject to the provisions of this Stipulation and Order.

11. Within sixty (60) days of the final termination of this litigation by settlement or exhaustion of appeals, all Confidential Material produced or designated, and all reproductions thereof, shall be returned to the Producing Party or, at the Producing Party's option, shall be destroyed. The Parties are free to vary the terms of this paragraph by mutual consent. The terms of this paragraph shall survive the termination of the Litigation and shall continue in full force and

effect.

14. 12. No Waiver of Rights. Nothing in this Stipulation and Order shall be deemed to preclude any party from seeking and obtaining on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material as that party may consider appropriate; nor shall any party be precluded from challenging the Confidential Material designation of particular documents that have been filed under seal or from claiming that any matter designated hereunder is not entitled to a more limited form of protection than designated.

13. No Waiver of Objections. Nothing in this Stipulation and Order shall prejudice a party's rights to object to the production of documents or information on any proper grounds including, but not limited to, that a document or information is protected from disclosure by the attorney-client privilege, the work product doctrine, or otherwise immune from compelled disclosure.

14. Supplemental Orders. The parties reserve the right to petition the Court for further modification of this Stipulation and Order at any time, and the entry of this Stipulation and Order shall not constitute a waiver of any party's right to seek such modification of any or all terms of the Stipulation and Order.

15. Format of Designation. Confidential Material shall be designated as "Confidential" by including a legend/marking of "Confidential" on each page thereof as to which confidentiality is claimed. All copies of Confidential Material stamped "Confidential" shall also be designated "Confidential." With respect to any Confidential Material designated as "Confidential" that is not produced in paper form and that is not susceptible to the imprinting of a stamp signifying its confidential nature, the producing party shall, to the extent practicable, produce such information with a cover labeled "Confidential" and shall inform all counsel in writing of the "Confidential" designation at the time such information is produced.

16. <u>Third Parties</u>. The protections afforded by this Stipulation and Order shall extend to documents and information produced by third parties in this Litigation, whether by subpoena or otherwise. To the extent that the Parties produce documents and information received from third parties that have been designated by third parties as "Confidential" such documents and information shall be treated as "Confidential" in accordance with the terms of this Stipulation and Order and any deposition testimony concerning the contents of such documents and information shall likewise be treated as "Confidential" in accordance with the terms of this Stipulation and Order.

17. <u>Inadvertent Disclosure of Privileged Documents</u>. Inadvertent disclosure of documents otherwise subject to the attorney-client privilege, work-product doctrine, or other applicable privilege or similar reason for non-disclosure shall not constitute a waiver of any privilege or immunity, either as to the specific information disclosed or as to any other information relating thereto or on the same related subject matter. Upon notification to the Receiving Party that material containing attorney-client privilege, work product, or other privilege or similar reason for non-disclosure has been inadvertently or mistakenly produced, the Receiving Party shall promptly return the privileged documents and take reasonable steps to ensure that all known copies of such documents are returned promptly to the Producing Party or destroyed and shall refrain from utilizing said document or discovery in any manner or form including specifically, but not exclusively, use during the course of a deposition, review with witnesses, or any other disclosure or review whatsoever, pending further order of the Court. Notwithstanding the foregoing, the Receiving Party reserves the right to contest the assertion of privilege or other protection with respect to any document. If any Party challenges a claim of privilege, it shall make no use of the document or information allegedly containing privileged information except insofar as necessary to adjudicate a dispute regarding the claim of privilege, until the Court orders otherwise.

18. <u>Inadvertent Failure to Designate</u>.  In the event that a Producing Party inadvertently fails to designate Discovery Material as Confidential Material, that material shall still be treated as Confidential Material provided that the Producing Party provides written notice to the Receiving Party, and designates the material as Confidential Material.  Upon receipt of such written notice, the Receiving Party shall treat the designated material as Confidential Material, and the Producing Party shall provide correctly-designated copies of the material, after which the Receiving Party shall destroy the misdesignated or undesignated material or return it to the Producing Party.  The Receiving Party shall not be responsible for any use or disclosure of the misdesignated or undesignated material prior to the receipt of such written notice, provided such use or disclosure was proper with respect to the material as it was designated at the time.

19. <u>Inadvertent Disclosure of Confidential Material</u>.  If a Receiving Party or any of its representatives, including but not limited to its counsel, outside consultants, and experts, inadvertently discloses any Confidential Material to persons who are not authorized to use or possess such Confidential Material, the Party shall provide immediate written notice of the disclosure to the Producing Party and shall take all such steps necessary to obtain the return or destruction of all copies, including electronic or digital copies, of the inadvertently disclosed Confidential Material.

20. <u>Effect on Scope of Discovery</u>.  Nothing in this Stipulation and Order shall in any way limit or expand the permissible scope of discovery in the Litigation.

21. <u>Binding Absent Order of the Court</u>.  The Stipulation and Order shall be binding upon the Parties (and all persons who sign the Agreement to be Bound attached at <u>Exhibit A</u>) prior to the approval by the Court, and shall be treated by the Parties as if approved.

WHEREFORE, the Parties respectfully request that the Court enter this Confidentiality Stipulation and Protective Order.

Dated: July 8, 2020

| **CONNIE FANG DEBOEVER** | **MELLON INVESTMENTS CORPORATION; THE BOSTON COMPANY ASSET MANAGEMENT, LLC; BNY MELLON ASSET MANAGEMENT NORTH AMERICA CORPORATION; and BNY MELLON AMNA** |
|---|---|
| By her attorneys, | By their attorneys, |
| By: /s/ Colin R. Hagan<br>Colin R. Hagan, BBO No. 684798<br>David J. Shlansky, BBO No. 565321<br>Shlansky Law Group, LLP<br>1 Winnisimmet Street<br>Chelsea, MA 02150<br>Phone: (617) 497-7200<br>Fax: (866) 257-9530<br>E-mail: Colin.Hagan@slglawfirm.com<br>David.Shlansky@slglawfirm.com | By: /s/ Keri L. Engelman<br>Keri L. Engelman, BBO No. 704360<br>Morgan, Lewis & Bockius LLP<br>One Federal Street<br>Boston, MA 02110<br>Phone: (617) 341-7828<br>Fax: (617) 341-7701<br>Email: Keri.Engelman@morganlewis.com |

SO ORDERED this _____ day of _____, 2020.

BY THE COURT:

_____
J.

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY THE CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

I have read the Confidentiality Stipulation and Protective Order dated July ___ 2020 ("Protective Order") in the case of *Connie Fang DeBoever,* Civil Action No.: 1:20-cv-10078-IT. I understand its terms and agree to be fully bound by them, and I hereby submit to the jurisdiction of the United States District Court for the District of Massachusetts for purposes of enforcement of the Protective Order. I further agree not to disclose or use any Confidential Material (as defined in the Protective Order) for purposes other than those permitted under the Protective Order.

Signature

_____
Name

_____
Affiliation

_____                    _____
Date                                                                          Title