UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CONNIE FANG DEBOEVER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:20-cv-10078-IT |
| | * | |
| MELLON INVESTMENTS CORPORATION, | * | |
| | * | |
| | * | |
| Defendant. | * | |

ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S BILL OF COSTS

November 16, 2022

TALWANI, D.J.

Plaintiff Connie Fang DeBoever brought this action alleging that her former employer, Defendant Mellon Investments Corporation ("Mellon"), failed to provide her with certain deferred compensation. The court entered judgment for Mellon, and Mellon filed its Bill of Costs [Doc. No. 105] asking the court to tax fees in the amount of $6,829.45. Plaintiff does not dispute that Mellon is the prevailing party but opposes all deposition related costs on various grounds.

For the reasons that follow, the court finds that $4,349.20 of the costs submitted in the Bill of Costs [Doc. No. 105] are recoverable pursuant to 28 U.S.C. § 1920.

    A.    *Deposition Related Costs*

Mellon seeks deposition related costs for: (1) $451.50 for the transcript of Caroline Lord's deposition, $497.00 for the transcript of Rhonda Icke's deposition, $1,048.35 and $413.25 for the transcripts of DeBoever's two-day deposition, and $47.25 and $11.90 for fees of exhibits related to DeBoever's deposition; (2) $227.50 and $317.75 for rough transcripts for Ickes and

DeBoever, respectively, and $891.70 and $413.25 for expedited transcripts for DeBoever; and (3) $1,835.00 for videotaping and $175.00 for Zoom fees related to DeBoever's deposition.

1. Timing of Discovery

DeBoever contends that Mellon should not be awarded any deposition costs as an equitable matter because Mellon filed its summary judgment motion prior to the three depositions. Objs. 2 [Doc. No. 106]. In DeBoever's view, Mellon "essentially" represented that it believed no further discovery was needed to adjudicate this matter, thereby rendering the subsequent costs not recoverable. Id. It was DeBoever, however, who then opposed Mellon's motion to stay of discovery, asserting that she "need[ed] discovery in order to respond to the Summary Judgment Motion and . . . to prove her claims and rebut Mellon's [] affirmative defenses," Pl.'s Opp'n to Emergency Mot. to Stay 2 [Doc. No. 34], resulting in the three depositions at issue here. Reply to Objs. 3 [Doc. No. 109].

DeBoever further contends that awarding costs to Mellon "would be inequitable, given th[e] history" of the case where Mellon "trickl[ed] out limited discovery" that "unnecessarily increased the costs." Objs. 2-3 [Doc. No. 106]. On review of the docket, the court finds DeBoever's request for equitable relief based on the course of litigation unfounded.

In sum, the court finds that Mellon's request is not barred by the timing of the deposition or as a matter of equity.

2. Necessary Transcripts

DeBoever contends that the costs of Lord's deposition transcript should be excluded because Mellon's motion for summary judgment did not rely on that deposition. Id. at 3.[1]

---

[1] DeBoever does not object on this ground as to the costs associated with her deposition or Icke's deposition.

2

"Fees for printed or electronically recorded transcripts necessarily obtained for use in the case" are taxable under 28 U.S.C. § 1920(2). "If deposition transcripts are introduced in evidence or used at trial, their costs are generally recoverable. For all other deposition transcripts, the court may exercise its discretion to award costs if 'special circumstances' exist, including, for example, when the prevailing party relies on the transcripts in a dispositive motion." Modeski v. Summit Retail Sols., Inc., 2020 WL 5026726, at *2 (D. Mass. Aug. 25, 2020) (quoting Brigham & Women's Hosp., Inc. v. Perrigo Co., 395 F. Supp. 3d 168, 173 (D. Mass. 2019)).

In this case, special circumstances exist. Mellon contends that review of the transcript was necessary in order to evaluate whether Mellon needed to use any of the testimony in its summary judgment briefing. Reply to Objs. 5 [Doc. No. 109]. This argument is persuasive where Lord's deposition was noticed by DeBoever—not Mellon—so "'there can hardly be any suggestion' that the deposition was taken solely 'for defendant's investigative or discovery purposes or purely for defense counsel's convenience.'" Great N. Ins. Co. v. E. Propane Gas, Inc., 2017 WL 2434776, at *2 (D. Mass. June 5, 2017) (quoting Martinez v. Cui, 2009 WL 3298080, at *2 (D. Mass. April 13, 2009)).

Accordingly, the court finds Mellon's request is not barred on the ground that Lord's deposition was not necessary.

### 3. Rough and Expedited Transcripts

DeBoever objects to Mellon's claim for $227.50 for obtaining a rough transcript of Icke's deposition, $317.75 for obtaining a rough transcript of the first day of DeBoever's deposition, and $1,304.95 for expediting the transcripts of DeBoever's deposition. Objs. 4 [Doc. No. 106]. "[C]ourts in this district agree that the costs associated with rough drafts and expedited

3

transcripts are not taxable in the absence of any justification for those services." McIntyre v. Rentgrow, Inc., 2021 WL 4776643, at *2 n.2 (D. Mass. Oct. 13, 2021) (collecting cases).

Mellon contends that obtaining the rough transcript of Icke's deposition was justified but does not explain how so. Reply to Objs. 5 [Doc. No. 109]. Accordingly, $227.50 related to the rough transcript of Icke's deposition is not recoverable as costs.

Mellon contends that because DeBoever's deposition took place over the course of two days, it was justified in obtaining a rough draft of the transcript from the first day of DeBoever's deposition in order to prepare for the second day of testimony. Id. The court finds this ground insufficient. While a rough draft would certainly make matters more convenient for Mellon, that convenience is not a sufficient ground to require DeBoever to shoulder the cost for the rough draft of the transcript.

Mellon further contends that it was necessary to obtain DeBoever's deposition transcripts on an expedited basis because of the "tight turnaround" between her deposition, which ended on September 25, 2020, and Mellon's deadline for filing a reply in support of summary judgment, which was October 5, 2020. Id. at 5-6. Where DeBoever included her affidavit in her opposition to Mellon's motion for summary judgment, and opposed Mellon's request for additional time to file its reply in support of the motion for summary judgment, the court finds the expedited transcripts necessary and awards $1,304.95 for these costs.

    4. Fees for Videotaping

DeBoever objects to Mellon's claim for costs of $1,835.00 related to videotaping her deposition. Objs. 4 [Doc. No. 106]. She contends that the transcript was sufficient and the case did not involve claims of injury or the like that would have required a videotaped deposition. Id. Mellon responds that DeBoever's videotaped deposition was necessarily obtained because "had

this case proceeded to trial, [Mellon] would have likely utilized many clips from the videotape of [her] deposition." Reply to Objs. 6 [Doc. No. 109]. Mellon has made no showing, however, that DeBoever was likely to be unavailable at trial or that impeachment through a transcript, rather than videotape, would not be appropriate. Accordingly, the court finds the videotaped deposition unnecessary and declines to award these costs.

     5.  Fees for Zoom Hosting

Lastly, DeBoever contends that the $175.00 for Zoom fees associated with her deposition were not necessary, as evidenced by the fact that the court reporter who took depositions noticed by DeBoever did not charge such a fee, and thus should be excluded. Objs. 5 [Doc. No. 106]. Mellon contends that whether DeBoever's court reporter charged a similar fee is irrelevant for purposes of recoverability (as one party cannot dictate the other party's choice of court reporter) and the Zoom hosting fee is akin to a "reporter attendance fee" that the district court in Brigham, found reimbursable. Reply to Objs. 6 [Doc. No. 109].

"Historically, many courts have viewed videoconferencing fees as a convenience instead of a necessity, and thus treated them as non-taxable travel expenses." Wiscovitch-Barreras v. Cruz-Soto, 2022 WL 16744873 at *1 (D.P.R. Nov. 7, 2022). "However, during the pandemic, videoconferencing became a necessity, not a convenience, and thus courts have increasingly taxed videoconference connection fees." Id. The court finds the Zoom fees associated with DeBoever's deposition necessary, and thus recoverable, where her deposition took place in the fall of 2020 during the peak of the COVID-19 pandemic.

     6.  Total Deposition Costs

Accordingly, the court awards Mellon its deposition related costs for: (1) $451.50 for the transcript of Lord's deposition, $497.00 for the transcript of Icke's deposition, $1,048.35 and

$413.25 for the transcripts of DeBoever's two-day deposition, $47.25 and $11.90 for fees of exhibits related to DeBoever's deposition; (2) $891.70 and $413.25 for expedited transcripts for DeBoever; and (3) $175.00 for Zoom fees related to DeBoever's deposition, for a total of $3,949.20. The court declines to award the $227.50 and $317.75 sought for rough transcripts for Ickes and DeBoever, respectively, and $1,835.00 for videotaping DeBoever's deposition.

B.   *Other Costs*

Mellon seeks to recover the filing fee for removal to federal court $400.00. See Ex. A [Doc. No. 105-1]. This cost is not opposed by DeBoever and is recoverable under 28 U.S.C. § 1920.

Mellon also seeks to recover $70.00 for "electronic file formats" and $30.00 for "transcript archiving" of DeBoever's deposition. See Exs. D, F [Doc. No. 105-1]. However, the costs associated with digital transcripts and processing and compliance are not recoverable. See Modeski, 2020 WL 5026726, at *2-3.

I.   **Conclusion**

For the foregoing reasons, the court grants $4,349.20 as costs to Mellon.

IT IS SO ORDERED.

November 16, 2022                           /s/ Indira Talwani
                                            United States District Judge